GRUSH, Appellant, *v.* GRUSH, Respondent.

(No. 6,793.)

(Submitted September 13, 1931. Decided October 1, 1931.)

[3 Pac. (2d) 402.]

382

*Mr. Harry H. Parsons,* for Appellant, submitted an original and a reply brief.

*Mr. Roy A. Michaud* and *Messrs. O'Hara, Madeen & Grant,* for Respondent, submitted a brief; *Mr. Robert A. O'Hara* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On March 1, 1930, plaintiff was awarded a decree of divorce from the defendant on the ground that she had wilfully deserted him. The decree was rendered by default after defendant's demurrer to the complaint was overruled and she had declined to plead further. The decree required plaintiff to pay the defendant $50 per month alimony for support and maintenance for a period of eight months, and thereafter $75 per month until the further order of the court.

On August 16, 1930, plaintiff filed a motion to annul that part of the decree requiring the payment of alimony, upon the ground that it was null and void as being in excess of the authority and power of the court. No claim was made that the decree should be modified because of any change in the circumstances of the parties, and no effort is made on equitable grounds to set aside the decree in its entirety. Thereafter defendant filed a motion to amend the decree by inserting in it a copy of an agreement made between plaintiff and defendant on February 25, 1930, and while the divorce action was pending, in which it was stipulated that plaintiff would pay to defendant $50 per month alimony for eight months and $75 per month thereafter until discontinued by order of a court of competent jurisdiction. The two motions were heard together. Plaintiff's motion was thereafter denied, and this appeal is from the order denying the motion.

The question presented for consideration is whether the provision in the decree awarding alimony can be sustained.

Where, as here, an absolute divorce is granted terminating the matrimonial ties, the duty of support no longer exists at common law, and while there is authority to the contrary (*Pryor* v. *Pryor*, 88 Ark. 302, 129 Am. St. Rep. 102, 114 S. W. 700), the better view is that the right of the court to make an award of permanent alimony does not exist in the absence of express statutory authority (1 R. C. L. 877, note 5). In this state, where a divorce is granted for an offense of the husband, the court may compel him to make suitable allowance to the wife for her support during her life. (Sec. 5771, Rev. Codes 1921.) But where the divorce is granted for an offense of the wife, the court is without authority to make an award to her of permanent alimony. (*Albrecht* v. *Albrecht*, 83 Mont. 37, 269 Pac. 158; *Damm* v. *Damm*, 82 Mont. 239, 266 Pac. 410; *Bischoff* v. *Bischoff*, 70 Mont. 503, 226 Pac. 508.) An attempted award under such circumstances is without jurisdiction and void, subject to direct or collateral attack at any time and is unaffected by the consent of the parties. (*Andrews* v. *Whitney*, 21 Hawaii, 264; *Cizek* v. *Cizek*, 69 Neb. 797, 5 Ann. Cas. 464, 96 N. W. 657; *Prosser* v. *Prosser*, (R. I.) 150 Atl. 754.) Had the divorce decree in this action been based upon defendant's wilful desertion in fact, the order of the district court denying plaintiff's motion would be erroneous.

While the judgment carries the necessary implication that the issue as to who was the offender was tried upon the hearing from which the decree resulted, the record as now presented tends to show that that essential fact was not litigated on its merits, due to plaintiff's agreement that the decree make provision for the payment of alimony, the consequences of which he is now seeking to evade. Defendant's motion was supported by her affidavit in which she stated that, while in the complaint in the divorce action it was alleged that she had deserted her husband, she in truth and in fact had not done so. The affidavit recites that she and her husband continued to live and cohabit together until the divorce action was commenced

on February 10, 1930, and thereafter until on or about March 1, 1930; and that during all of this time she yielded him his conjugal rights, though at times to do so was painful and disagreeable because she was in the midst of her menopause; that her husband had developed the habit of drinking to excess and was reputed as consorting with other women, and for that reason the continuance of the marriage relation was intolerable; that she agreed that plaintiff should proceed with the divorce action on condition that the provisions of the agreement as to permanent alimony should be incorporated in the decree; and that in reliance upon his agreement to pay alimony she failed to oppose the divorce action. At the hearing she testified to the facts stated in her affidavit and was corroborated in some particulars by her brother, Sidney Ward. The evidence introduced as to who was the offender is in conflict, but defendant's statement that she failed to oppose the divorce action in reliance upon the agreement is not disputed.

While the decree of divorce on its face is based upon the wilful desertion of the wife, it is doubtful whether it would have been so had the defendant resisted the action. The evidence of the defendant shows an agreement between the two that plaintiff should prosecute his action and that she would not defend in consideration that plaintiff's promise to pay alimony should be incorporated in the decree, and tends to conceal what might have been found to be the true cause of the divorce. Such an agreement savors of collusion and is opposed to public policy (13 C. J. 463, 464, note 78) and a fraud upon the court (Id. 447), and the court if satisfied that the decree was based upon such an agreement, might *sua sponte* have set it aside (*Hall* v. *Hall,* 70 Mont. 460, 226 Pac. 469; *State ex rel. Sparrenberger* v. *District Court,* 66 Mont. 496, 33 A. L. R. 464, 214 Pac. 85). The effect of sustaining plaintiff's motion would be to permit him to obtain the divorce by keeping defendant away from court by what would then be false promises reduced to writing to pay alimony to her and to incorporate such provision in the decree,

and would thus amount to extrinsic fraud. (15 R. C. L. 763; *Clark* v. *Clark*, 64 Mont. 386, 210 Pac. 93.) For the court to grant plaintiff the relief sought might serve to assist plaintiff in perpetrating a fraud upon defendant and thus the court become an instrument of injustice. Under the circumstances under which the decree was obtained, it would be unjust to annul that part of the decree awarding alimony and permit the remainder to stand. Since it would appear from the evidence that a dissolution of the marriage relation would likely follow if the defendant resisted the action, the only issue being, if she asserted her defense therein, as to who was the offending party, there seems no good reason, so far as public policy is concerned, why the decree annulling the marriage should not stand. Neither party is seeking to set it aside in so far as it grants the divorce.

The plaintiff having accepted the benefit of the decree, entered on his motion and with his consent, in so far as it awards the divorce, he should not be permitted to be relieved from its burdens, agreed to by him (*Parker* v. *Parker*, 55 Cal. App. 458, 203 Pac. 420; *In re Mesmer's Estate*, 94 Cal. App. 97, 270 Pac. 732) in consideration that the decree run to him on the ground of defendant's wilful desertion—an issue which might have been decided otherwise were it not for the agreement in reliance upon which she failed to oppose the divorce action. The court properly left the parties where they had voluntarily placed themselves by their agreement.

While the order of the district court does not appear to be based upon this ground, if the correct conclusion was reached it is immaterial what reasons were assigned. (*Whitcomb* v. *Beyerlein*, 84 Mont. 470, 276 Pac. 430.)

The order appealed from is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.