Argued May 16; affirmed May 23, 1933

# GRIFFITH *v.* GRIFFITH
(22 P. (2d) 323)

*Robert G. Smith,* of Portland (L. B. Sandblast, of Portland, on the brief), for appellant.

*Dorothy M. Lee,* of Portland, for respondent.

KELLY, J. There are but two questions submitted in this case. The first is as to the validity of an order directing the payment of permanent alimony by the husband, who is given a decree of divorce by default, when such order is made in accordance with and pursuant to an agreement executed by both the husband and the wife.

The cases upon this point to which our attention has been called are not numerous. They are: *Stratton v. Stratton*, 77 Me. 373 (32 Am. Rep. 779); *Prosser v. Prosser*, 51 R. I. 58 (150 Atl. 754); *Grush v. Grush*, 90 Mont. 381 (3 P. (2d) 402); *Andrews v. Whitney*, 21 Hawaii 264.

In *Dunbar v. Dunbar*, 190 U. S. 340 (47 L. Ed. 1084, 23 S. Ct. 757), wherein a claim for alimony was held not provable, the Supreme Court of the United States, speaking through Mr. Justice Peckham, says:

"Had the provisions of this contract, so far as contracting to pay money for the support of his wife is concerned, been embodied in the decree of divorce which the husband obtained from his wife in Ohio on the ground of desertion, the liability of the husband to pay the amount as alimony, notwithstanding his discharge in bankruptcy, cannot be doubted".

In *Stratton v. Stratton*, supra, in which the parties agreed that the amount of the alimony should be determined by arbiters, and in *Grush v. Grush*, supra, the court upheld the award. In *Prosser v. Prosser*, supra, and *Andrews v. Whitney*, supra, the court held to the contrary.

We have held that a wife, against whom a decree of divorce was rendered, by accepting two monthly payments of alimony waived her right to appeal from such decree. *Sherman v. Sherman*, 89 Or. 130 (173 P. 572).

The record in the case at bar discloses that plaintiff paid each of the monthly installments as they matured beginning September 1, 1930, until June 1, 1932.

This impresses us with the soundness of the statement made by the Supreme Court of Montana, speaking through Mr. Justice Angstman:

"The plaintiff having accepted the benefit of the decree, entered on his motion and with his consent, in so far as it awards the divorce, he should not be permitted to be relieved from its burdens agreed to by him". Grush v. Grush, supra.

Plaintiff has contracted two subsequent marriages, the second of which, the record indicates, is now in effect. The record also indicates that defendant is not in a position to return any part of the sums paid as alimony. For these reasons, it is impossible to restore the status quo.

Plaintiff urges that the court was without jurisdiction to award alimony to the wife against whom the decree of divorce was rendered. This is based upon the argument that inasmuch as it has been decided by many courts that, in the absence of any statute, if a divorce be granted to a husband against the wife, she is not entitled to alimony, and, further, that because the Oregon statute provides only for the recovery of alimony "from the party in fault," (sub-div. 3, § 6-914, Oregon Code 1930), therefore, the court is limited in its jurisdiction over the subject of alimony to those cases only in which the wife is the prevailing party in the trial court.

Interesting annotations upon the question of allowance of alimony, where the divorce is granted to the husband, are to be found supplementing the cases of

*Winkler v. Winkler,* Ann. Cas. 1915C, p. 1250; *Davis v. Davis,* 20 Ann. Cas. 20, and *Ecker v. Ecker,* 20 L. R. A. (N. S.) 421.

In order to clarify the source of authority exercised by our courts with respect to alimony, we venture to quote from the opinion in *Davis v. Davis,* 134 Ga. 804 (68 S. E. 594, 30 L. R. A. (N. S.) 73, 20 Ann. Cas. 20). There the Supreme Court of Georgia, speaking through Mr. Justice Lumpkin, says:

"At common law (including in that term the canon or ecclesiastical law) the ecclesiastical courts did not grant total divorces except for such cause as rendered the marriage void ab initio. This was rather an adjudication that there had never been a binding marriage than a dissolution of one originally valid. Partial divorces were granted on account of adultery and cruel treatment. Prior to 1858, in England no judicial divorces dissolving the bonds of matrimony, if originally valid, were allowed. Parliament exercised that authority. In its origin alimony was the method by which the spiritual courts enforced the duty of support owed by a husband to his wife during such time as they were legally separated. It was not an incident to declaring the marriage void ab initio since if there were no marriage, the duty of maintenance had not been undertaken. The question of awarding alimony upon the dissolution of a valid marriage for a post-nuptial cause could not therefore have been decided in England prior to the time when the common law was adopted in this state".

■ There is no statute expressly declaring that the courts shall not have jurisdiction in reference to alimony in those cases wherein the wife is the unsuccessful party. When we distinguish between jurisdiction and the exercise of jurisdiction it is manifest that in all divorce cases, wherein the question of the allowance thereof is presented of record, the court has jurisdiction over the matter of alimony.

■ It is suggested that in the absence of an answer, or, at least, a motion supported by some showing in behalf of defendant, there is nothing upon which to base the exercise of jurisdiction in respect to alimony; but we are of the opinion that after a complaint for divorce has been filed the exercise of jurisdiction as to alimony, which is an incident to divorce, may be invoked by means of a written stipulation of the parties. For these reasons, we hold that the court was warranted in exercising the jurisdiction which it had to pass upon the question of whether alimony should be awarded defendant.

■■ As to whether there was an erroneous exercise of this jurisdiction, we are unable to determine from the record before us. The party who prevails in the trial court may be the party in fault. *Crumbley v. Crumbley,* 94 Or. 617 (186 P. 423). The record does not disclose sufficient data upon which this court can now determine that the plaintiff was not actually in fault, although prevailing in the trial court upon the question of which party should be granted a divorce. We are no more justified in holding that the trial court was in error in indicating, by allowing defendant alimony, that the plaintiff was the "party in fault," than we would be in holding that the trial court was in error in indicating, by granting plaintiff a divorce, that defendant was the party in fault. The same presumption attends one part of the decree of the trial court as the other part thereof; and on appeal the trial in this court is de novo.

■ For these reasons, we find no error in the action of the trial court in adjudging plaintiff in contempt for failure to make payment of the unpaid installments of

alimony he promised to pay, and which the original decree, as well as the subsequent modifications thereof, required of him.

The second question presented herein is as to the order allowing alimony pending the appeal. It is provided by statute that no appeal to the supreme court shall lie from any such temporary order. Section 6-914, Oregon Code 1930. The trial court, without doubt, will make allowance for any payments plaintiff may make, or may have made, pursuant to such temporary order, to the end that duplication of payment shall not be exacted.

The order of the trial court is affirmed and this cause is remanded for further proceedings not inconsistent herewith.

BAILEY, ROSSMAN, and BELT, JJ., concur.