Argued March 3; modified April 19, 1949

## VOSMEK *v.* VOSMEK

204 P. 2d 1064

*B. G. Skulason,* of Portland, argued the cause and filed a brief for appellant.

*Hugh L. Biggs* and *W. W. Wyse,* of Portland, argued the cause for respondent. With Hugh L. Biggs on the brief were Hart, Spencer, McCulloch & Rockwood, of Portland.

Before LUSK, Chief Justice, and BELT, ROSSMAN, KELLY and BAILEY, Justices.

## BELT, J.

On June 12, 1943, the plaintiff-husband obtained a decree of divorce against the defendant on the ground of cruel and inhuman treatment, wherein he was required to pay the sum of $200 per month for the maintenance and support of the defendant and their minor child, who was born on November 26, 1939. The defendant appeared in the divorce proceeding and contested the right of her husband to have a decree of divorce but never appealed from the decree rendered. Plaintiff complied with the decree in the payment of alimony and the support of his child until January 29, 1948, at which time he filed a motion to modify the decree by providing that he should pay to the defendant the sum of $60 per month for her support and $40 per month for the support of the child. On February 17, 1948, with leave of court, the plaintiff filed an amended motion to have the decree modified by eliminating therefrom the provision for payment of alimony and providing for the payment of $40 per month for the support of the child "or such other sum as may be reasonable." After hearing, the court on April 13, 1948, entered an order modifying the decree by reducing from $200 to $130 the amount plaintiff was required to pay per month for the support of the defendant and the minor child. From this order the plaintiff appeals.

It is the contention of the appellant that since he obtained the decree of divorce and his wife was ad-

judicated to be the "party in fault," the court was without power or authority to require him to pay alimony. The precise question was here in *Garner v. Garner,* 182 Or. 549, 189 P. (2d) 397, and, after reviewing the decisions of this court and other jurisdictions, the court held in keeping with such contention. Whatever may be the rule elsewhere, and in most states it is the same as obtains here (2 Nelson, Divorce and Annulment (2d ed.) § 14.17; Schouler Divorce Manual, § 253; 17 Am. Jur., Divorce and Separation, 478, § 615; see note in 82 A. L. R. 539) § 9-914, subd. 3, O. C. L. A., is controlling  The Oregon statute authorizes the court, in declaring the dissolution of marriage, to provide in the decree, among other matters, as follows:

> "For the recovery from the party in fault such an amount of money * * * as may be just and proper for such party to contribute to the maintenance of the other; provided, that in case a divorce is granted under the provisions of subsection 7 of section 9-907, the trial judge may in his discretion require the prevailing party to contribute to the support and maintenance of the insane party to such extent and in such manner as such trial judge may determine to be just and equitable."

■ It was adjudicated that the defendant was the "party in fault." If the plaintiff was the "party in fault," he was not entitled to the decree. We view the words "party in fault" in their ordinary meaning and acceptation. The legislative intention is clear that no alimony can be awarded where the misconduct of the party is of such nature as to justify an adverse decree. If there is any doubt about the intention of the legislature, it is removed by reference to subsection 7 of § 9-907, providing that the prevailing party may in the discretion of the court be required to contribute to the

support and maintenance of an insane party. This was the only exception which the legislature made requiring the prevailing party to pay alimony. Why was an exception made in such a case? We think it is reasonable to assume that in cases of divorces granted on the ground of insanity, the insane person would not be "at fault" within the meaning of the statute, and therefore the prevailing party should equitably be required to contribute to the support and maintenance of such insane person.

On the authority of *Garner v. Garner,* supra, that part of the decree requiring plaintiff to pay alimony must be considered as null and void.

■ What is a reasonable sum that the plaintiff should be required to pay for the support of his minor son, who is now about ten years of age? The plaintiff works for the South Willamette Lumber Company and earns approximately five hundred dollars per month. He has not remarried. The defendant works as a secretary and earns a salary—after deduction of taxes—of $177.20 per month. She is obliged to employ a suitable person to care for her son while she works. We will not extend this opinion by reciting the various factors to be considered in determining what the plaintiff should pay. It is concluded that the sum of $75 per month is, under all the facts and circumstances, a reasonable amount for the support of the child.

The decree of the court is modified by eliminating therefrom the provision for payment of alimony. Plaintiff is required to pay $75 per month for the support of his child. Each party will pay his own costs and disbursements.