Argued October 30, reversed November 14, 1951

# GIBSON *v.* GIBSON
### 237 P. 2d 498

*E. R. Ringo,* of La Grande, argued the cause and filed a brief for appellant.

*S. H. Burleigh* argued the cause for respondent. On the brief were Dixon and Burleigh, of La Grande.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE, WARNER and TOOZE, Justices.

LATOURETTE, J.

Plaintiff, Clarence E. Gibson, sued Nora Gibson for divorce. A written agreement was entered into between them which, among other things, contained a provision that plaintiff should pay to the clerk of the court each month the sum of $50 as alimony for the defendant so long as defendant remained unmarried. Defendant having defaulted, a decree was entered on the 20th day of April, 1946, which, inter alia, ordered plaintiff to pay to the clerk of the court each month the sum of $50 as alimony for defendant. Plaintiff thereafter complied with the decree in part by paying various sums of money monthly, and on February 13, 1951, filed a motion to modify the decree by eliminating therefrom the allowance of alimony in favor of defendant. The trial court denied his motion, whereupon he appealed.

It is argued in appellant's brief that the trial court in the first instance was without authority and had no jurisdiction to award defendant alimony because the divorce decree was granted to plaintiff. He bases his

contention on § 9-914 (3), OCLA, which reads as follows:

"* * * Whenever a marriage shall be declared void or dissolved, the court shall have power to further decree as follows: * * * (3) For the recovery from the party in fault such an amount of money, in gross or in instalments, as may be just and proper for such party to contribute to the maintenance of the other; * * *."

Defendant counters in her brief, employing the following language:

"After a divorce complaint has been filed, exercise of jurisdiction as to alimony which is incident to divorce may be invoked by means of written stipulation. The Court has jurisdiction to direct payment of permanent alimony by a husband who was given a decree of divorce by default, where the order was made pursuant to an agreement executed by husband and wife.";

citing *Griffith v. Griffith,* 143 Or 276, 22 P2d 323.

We admit that some solace is given to defendant by *Griffith v. Griffith,* supra, wherein we held that where a written stipulation was entered into between the parties in which the plaintiff (husband) in the suit agreed to pay the defendant alimony and the plaintiff was granted a divorce, and, since the divorce court had jurisdiction to award alimony, "the court was warranted in exercising the jurisdiction which it had to pass upon the question of whether alimony should be awarded defendant." We said at p. 281:

"* * * we find no error in the action of the trial court in adjudging plaintiff in contempt for failure to make payment of the unpaid installments of alimony he promised to pay, and which the original decree, as well as the subsequent modifications thereof, required of him."

■ However, Mr. Justice HAY, in the case of *Garner v. Garner,* 182 Or 549, 189 P2d 397, after analyzing all of the Oregon cases on the subject, thoroughly went into the question of whether or not the court had jurisdiction to award alimony to the defendant where the court granted the decree of divorce to the plaintiff, and we therein held that the court was without jurisdiction to make such an award of alimony and such award was void, the reason being that the circuit court, although a court of general jurisdiction, when exercising a special power granted it by statute in derogation of the common law, is a court of special and inferior jurisdiction and limited to the terms of the statute conferring such power. See *Volz et ux. v. Abelsen,* 190 Or 319, 224 P2d 213, 225 P2d 768; *Zipper v. Zipper,* 192 Or 568, 235 P2d 866; *Quinn v. Hanks,* 192 Or 254, 233 P2d 767.

■ The primary distinction between the Griffith and the Garner cases is that in the Griffith case there was a written stipulation to pay alimony, whereas in the Garner case there was a voluntary agreement on the part of the plaintiff to pay alimony. Such distinction, in our opinion, does not have any bearing on the question of whether or not the trial court had authority to enter the decree granting alimony to the defendant when the plaintiff obtained the divorce; therefore, we hold that the decree in the instant case awarding alimony to the defendant is void, and *Griffith v. Griffith* is hereby expressly overruled.

On the oral argument defendant urged for the first time that plaintiff should be estopped to urge his motion in the present case to set aside that portion of the decree awarding alimony to the defendant and cited *Grush v. Grush,* 90 Mont 381, 3 P2d 402, 403, 404.

Reference was made to the Grush case in both the Griffith and Garner cases.

In the Grush case plaintiff (husband) was awarded a decree of divorce from the defendant, defendant having defaulted, which decree ordered plaintiff to pay monthly alimony to his wife. Later, plaintiff filed a motion to annul that part of the decree requiring the payment of alimony upon the ground that it was void since it was in excess of the authority and power of the court. It appears that there was a written agreement between the parties respecting the alimony, such as there is in the case at bar. The higher court in the Grush case held that such attempted award was void and subject to collateral attack. The court then said, "* * * Had the divorce decree in this action been based upon defendant's willful desertion *in fact,* the order of the district court denying plaintiff's motion would be erroneous." (Italics ours). The trial court permitted the parties, after the judgment was entered, to produce evidence that plaintiff in fact was the guilty party and not the defendant, and that because the continuance of the marital relation was intolerable, she agreed to allow her husband to proceed with the divorce case, provided he agreed to pay her alimony.

The appellate court said:

> "The plaintiff having accepted the benefit of the decree, entered on his motion and with his consent, in so far as it awards the divorce, he should not be permitted to be relieved from its burdens, agreed to by him * * * in consideration that the decree run to him on the ground of defendant's willful desertion—an issue which might have been decided otherwise were it not for the agreement in reliance upon which she failed to oppose the divorce action. The court properly left the parties where they had voluntarily placed themselves by their agreement."

We held in the Garner case that the divorce decree foreclosed the defendant from subsequently raising the question of where the fault lay, and that the decree of divorce was res judicata on that question. It was therein asserted that plaintiff, having procured the entry of the decree, was estopped to claim that the decree was erroneous. In answer to this, we said at pp. 561 and 562:

"*  *  *  Where the court is without jurisdiction of the subject matter involved in a particular case, jurisdiction cannot be conferred by consent, agreement, or other conduct of the parties.  *  *  *

"The jurisdiction of the circuit courts in divorce proceedings, as defined by statute, cannot, in our opinion, be enlarged or diminished by any agreement of the parties. There was no jurisdiction in the court in the instant case to award alimony to the party in fault, and such award must be considered as having been an act of the court in excess of its jurisdiction and, therefore, void."

Even if we were to hold that the plaintiff had barred himself from relief by reason of his conduct, it is clear that the defendant could not invoke the aid of the divorce court for the enforcement of the void decree.

██ Irrespective of whether plaintiff is in a position to attack the decree awarding alimony to defendant, such decree cannot stand because we have repeatedly held that where a void decree is brought to the attention of the court, it is the duty of the court on its own motion to vacate the same. Reversed.