Submitted on briefs March 30, affirmed April 27, 1955

# SCOTT *v.* SCOTT, Administratrix

282 P. 2d 658

*William D. Campbell,* Portland, filed a brief for appellant.

*William A. Babcock,* Portland, filed a brief for respondent.

LATOURETTE, J.

The question posed is whether a trial court has the statutory authority to award attorneys' fees against a party who is partially unsuccessful in his application for a modification of a divorce decree.

The decree in the present case granted to plaintiff, Bertha June Scott, a divorce, the custody of the two children, Sherwin and Carolyn, now eleven and six years of age respectively, with defendant's right to visit them, $150 per month alimony and $150 per month for the support of the children.

There are a number of motions and countermotions in the instant case. However, it will be necessary to consider only the motion of the defendant husband, since that portion of the order of modification appealed from awarded $250 attorneys' fees against the defendant.

Defendant moved as follows:

"(1) Change the custody of the parties' minor son to defendant; (2) require plaintiff to keep defendant informed of the children's health and whereabouts; (3) prescribe definite visitation days; (4) relieve defendant of support payments in months during which the children might be in his care; (5) reduce alimony."

Upon the hearing the court denied a change in the custody of Sherwin, required plaintiff to keep defendant informed of the children's health and whereabouts, refused to prescribe definite visitation days

but ordered that defendant should have the periodical custody of both children, denied defendant relief in the payment of support money for the children while in his care and reduced the alimony to $50 per month for a period of nine months.

The decision of this case rests on the application of ORS 107.130, § 3, which is as follows:

"The court may assess a reasonable attorney's fee against an unsuccessful moving party who files a motion to set aside, alter or modify a decree as in this section provided."

■ It is well settled that a divorce court is a court of limited jurisdiction and enjoys no power except that expressly conferred upon him by statute. *Zipper v. Zipper,* 192 Or 568, 235 P2d 866; *Gibson v. Gibson,* 193 Or 139, 237 P2d 498.

■ Defendant argues that since his motion was partially successful he was not an unsuccessful movant and therefore the court lacked jurisdiction to award attorneys' fees against him. In the present case the defendant was unsuccessful in the major and most important aspects of his motion. He was denied the absolute custody of his son, relief from payment of child support and total elimination of alimony.

■ A reasonable construction of the statute leads us to hold that, where a moving party under the statute is unsuccessful in whole or in part, the court has a wide discretion in the allowance of attorneys' fees. In determining whether or not attorneys' fees are allowable in a given case the court must consider all of the attendant facts and circumstances, including the result achieved. Its decision will not be disturbed in such a circumstance except for abuse of discretion.

Affirmed.