Submitted on record and briefs April 18, reversed
November 19, 1969

·FOX, *Respondent, v.* FOX, *Appellant.*

460 P. 2d 1013

Bodie, Minturn & Glantz, Prineville, for the appellant.

McKay, Panner, Johnson, Marceau & Berger, Bend, for the respondent.

PERRY, C. J.

On July 8, 1968, the plaintiff filed a motion to require the defendant to show cause why a divorce decree entered May 28, 1962, should not be modified as

follows: (1) grant plaintiff custody of the parties' minor children, (2) require the defendant to pay support for the minor children, and (3) grant plaintiff attorney's fees in the modification proceedings.

On October 15, 1968, after a full hearing on the merits, a decree was entered affirming the prior decree, which had granted custody of the minor children to the defendant. The only change made was as to the plaintiff's visitation rights with the children. However, the decree awarded the plaintiff an allowance for attorney's fees in the sum of $475.

The defendant has appealed solely on the allowance of the attorney's fees.

■ A divorce court has only such power to grant attorney's fees as is expressly conferred upon it by statute. *Scott v. Scott, Administratrix,* 204 Or 291, 282 P2d 658.

ORS 107.130, which grants a divorce court jurisdiction to modify a former decree as to the custody of minor children and the payment for their support, states:

> "The court may assess a reasonable attorney's fee against an unsuccessful moving party who files a motion to set aside, alter or modify a decree as in this section provided."

It will be noted that this statute only authorizes the granting of an allowance against the moving party. *Scott v. Scott, Administratrix,* supra.

■ The plaintiff was the moving party, and as the parties do not call our attention to any statute authorizing the divorce court to allow attorney's fees in proceedings to modify prior decrees, except as above

noted, and we have found none, the decree as to attorney's fees awarded plaintiff must be reversed.

The decree of the trial court as to the allowance of attorney's fees to the plaintiff is reversed.