No. 12658

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

JOHN J. CLONTZ, SR.,

                Plaintiff and Respondent,

-vs-

ELENA CLONTZ,

                Defendant and Appellant.

---

Appeal from: District Court of the Twelfth Judicial District,
           Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Hoyt, Bottomly and Gabriel, Great Falls, Montana
        Richard V. Bottomly, argued, Great Falls, Montana

    For Respondent:

        Church, Harris, Johnson and Williams, Great Falls,
         Montana
        Douglas C. Allen and Robert P. Groff, argued,
        Great Falls, Montana

---

                Submitted: November 15, 1974

                Decided: FEB 14 1975

Filed: FEB 14 1975

*Thomas J. Kearney*
                Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Hill County. The judgment appealed amends a judgment entered by the same court on October 16, 1973, which modified alimony provisions of an original decree entered January 5, 1971.

The original action was commenced in the fall of 1970 by plaintiff husband who sought a divorce. He alleged mental cruelty as grounds and requested a division of property. Defendant wife answered by a general denial and crossclaimed for separate maintenance and attorney fees. She too requested a division of property.

On January 5, 1971, the district court held that each party was guilty of extreme mental cruelty and each was entitled to a divorce; but, since the husband was the only party who petitioned for divorce, he was granted the divorce.

In the division of property, the husband was awarded the jointly owned farm and was required to pay the wife for her interest in the land which was found to be $19,350. She was paid $3,000 down and the remaining amount was to be paid in 120 monthly installments with interest at the rate of 6% per annum on the unpaid balance. She was also given a life estate in the mineral interest on the farm land. The district court further vested title to a lot in Flathead County in the husband. The court gave the wife her choice of household furniture; one half of the proceeds of the sale of certain Burlington Railway stock; a 1968 Volkswagen; and, awarded her $125 per month alimony.

The wife on January 15, 1971, petitioned for a modification of the decree seeking further relief as to the value of the property settlement. After further hearings, the court on March 3, 1971, modified the decree by raising the wife's interest in the farm land from $19,350 to $20,276.50.

On February 28, 1973, the wife filed her petition for modification of the decree requesting an increase in alimony payment, division of property, and attorney fees alleging a change of circum-

stances since the granting of the original decree.

At the time the original action was filed the parties had been married thirty-three years.

Husband is employed as a railroad engineer and earned $17,783 gross earnings in 1971; $19,200 gross earnings in 1972; $1,700 in January 1973; and, $1,568 in February 1973. When the first two months of 1973 are averaged for the balance of the year it would amount to a yearly income of approximately $19,600 for that year. The farm yielded 1,000 bushels of wheat in 1973, but generally harvests 2,000 bushels a year. The husband has remarried. He and his wife are living on the farm. His present wife has a son and the husband is helping put him through college.

The wife, on the other hand, was never employed during the marriage of thirty-three years and has no skills for employment. Out of necessity she is presently living with her mother, receiving free rent and utilities, and is sharing the cost of the monthly groceries with her mother. She claimed she lacked privacy and desired to get her own apartment but was unable to do so because the alimony payments she received were too low. She also had significant medical expenses and had paid her own medical insurance.

After a hearing on the petition for modification the court on October 16, 1973, denied the change in property valuation, awarded the wife an increase of $35 per month in alimony and ordered the husband to pay $400 of the $1,200 attorney fees owed by the wife. In addition, the court ordered the husband to carry the wife on his medical and hospitalization insurance program, if permissible under his program.

Both parties took exception to the new order. In his petition to amend the amended decree new attorneys appeared for the husband. The wife challenged the new decree as awarding an insufficient amount of alimony to support herself. The husband challenged the increase in alimony as being unconstitutional since section 21-139, R.C.M. 1947, provides for alimony only for the wife and thereby discriminates against the husband which is in violation of Art. II,

Sec. 4 of the 1972 Montana Constitution which prohibits discrimination on the basis of sex. He also challenges the award of attorney fees as being unconstitutional, since section 21-137, R.C.M. 1947, allows only the wife to recover attorney fees, it is in violation of the same Art. II, Sec. 4 of the 1972 Montana Constitution. Finally, the husband challenges the original granting of alimony as being beyond the jurisdiction of the court since section 21-139, R.C.M. 1947, provides alimony can only be granted to a wife who has been granted a divorce for an offense of her husband and, since the husband in this case was granted the divorce, the court could not award alimony.

The district court on February 28, 1974, after a hearing on the petitions, found the increase in alimony and the award of attorney fees to the wife to be unconstitutional and therefore void. It found, however, that since the husband had failed to appeal from the award of alimony and has paid alimony to the wife since the original award in 1971, it would be against public policy to allow the husband, after the passage of this amount of time, to set aside the alimony award.

These preceding facts depict the case it stands before this Court. The wife and husband present three issues to be resolved by this Court:

1) Was the increase in alimony from $125 to $160 per month so insufficient as to constitute an abuse of discretion by the trial court?

2) Was the district court without jurisdiction to award alimony and later to increase the award of alimony, since the husband was granted the divorce and the divorce was not granted to the wife for an offense of the husband?

3) Are sections 21-137 and 21-139, R.C.M. 1947, unconstitutional under the 1972 Montana Constitution which prohibits discrimination on the basis of sex?

Issue number 3 will not be decided by this Court as it is improperly before the Court. Rule 38, M.R.App.Civ.P., states:

> "It shall be the duty of counsel who challenges the constitutionality of any Act of the Montana legislature in any suit or proceeding in the supreme court to which the state of Montana, or any agency thereof, or any officer or employee thereof, as such officer or employee, is not a party, upon the filing of the record to give immediate notice in writing to the court of the existence of said question, specifying the section of the Code or the chapter of the session law to be construed. The clerk shall thereupon certify such fact to the attorney general of the state of Montana."

Here, Rule 38 was not followed resulting in no notice to the attorney general. The attorney general must be given an opportunity under the circumstances set forth in Rule 38, to appear in defense of a legislative act which is being challenged on constitutional grounds.

Issue number 2--whether the district court was without jurisdiction to award alimony and later to increase that award of alimony since the divorce was not granted to the wife for an offense of the husband. Section 21-139, R.C.M. 1947, provides in pertinent part:

> "Where a divorce is granted for an offense of the husband, the court may compel him to * * * make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just * * *."

The husband argues that since the divorce was granted to him, the court was without jurisdiction to award alimony and cites Grush v. Grush, 90 Mont. 381, 3 P.2d 402. He acknowledges in his brief that the facts of Grush are distinguishable from the case here. The divorce in that case was granted on the grounds of desertion, although the husband and wife were living together at the time the divorce was initiated. The wife agreed not to challenge the divorce upon the agreement that he pay her alimony. The court ruled that in a divorce granted to the husband for an offense of the wife, alimony could not be awarded. The agreement was held collusive and against public policy. The court, however, held in effect that the husband was awarded the decree, accepted the benefits of a divorce, and he is estopped from seeking relief from its burdens, agreed to by him in writing.

The instant case can be brought under the same exception. The husband took the benefit of the divorce and agreed to pay alimony as part of a property settlement proposal. This proposal in the original action, was a proposed property settlement in the form of a communication dated October 8, 1970, from husband's counsel to wife's.

This case can also be further distinguished from Grush in that the district court found in its finding of fact No. IV and conclusion of law No. I that both parties were guilty of extreme mental cruelty and both were entitled to a divorce. Therefore, had the wife requested a divorce she would have been granted one. She failed to do so; instead she filed for separate maintenance which was denied. According to the husband's interpretation of section 21-139, R.C.M. 1947, the only factor which prevents the wife from receiving alimony is that she failed to ask for a divorce, but rather asked for separate maintenance. We find such interpretation much too harsh. Neither do we feel that it properly reflects the intent of the legislature when it enacted the statute, particularly in view of the doctrine that where a divorce is granted to both husband and wife, this Court has allowed an award of alimony to the wife. Burns v. Burns, 145 Mont. 1, 400 P.2d 642.

The final issue for discussion, issue No. 1, is whether the district court abused its discretion in its award of $160 per month alimony to the wife. She urges that $160 is an insufficient amount. After reviewing the facts, we find no abuse of discretion on the part of the district court. We considered all the evidence concerning both parties; the amount of money the wife is receiving in payment for her share of the land; her royalty interest in the land; her alimony payments; the assumption by the husband of responsibility for her health insurance policy payments; and the finding of the district court that the wife was capable of some employment to help pay for her own living costs.

The judgment entered on February 26, 1974 and appealed to this Court is reversed. The judgment entered by the trial court on October 16, 1973, is reinstated in its entirety. Each party to bear his or her own costs on appeal.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 7 -

Mr. Justice Wesley Castles concurring in part and dissenting in part:

I concur in the result here; which, if I can read reinstates the judgment of October 16, 1973.

However, I dissent as to the reasons given. Again, I have to wonder if I really understand the reasons. The majority first considers Issue No. 3; that is, the district court's ruling that sections 21-137 and 21-139, R.C.M. 1947, are unconstitutional. We refuse to rule on the issue because the attorney general was not notified. Aside from any view of the meaning of Rule 38 of this Court's Appellate Rules, what effect is our holding to have? We refuse to review the district court's holding of unconstitutionality---which as applied here affirms the holding. Or, have we reversed the holding? I just do not know, but my basis for dissenting is that I believe this Court should rule on the constitutionality of these statutes.

_Wesley Castles_
Justice