Opinion by
Oelady, J.,
This action for divorce was instituted by the husband in 1903, who alleged as grounds therefor, the willful and malicious desertion of his wife, and that she had by cruel and barbarous treatment endangered his life. The case was finally presented to a jury for determination of the two questions suggested in the libel. After a protracted trial a verdict was returned in favor of- the plaintiff as to both questions, and a final decree of divorce a. v. m. entered May 20, 1907. After judgment had been entered on the verdict, .the respondent entered a rule upon libelant to show cause why he should not pay to her permanent alimony, and an additional counsel fee, which rule was made absolute as to the alimony at the rate of $10.00 per month, from which order this appeal is taken. The two causes for divorce, as specified in the issue, are not necessarily cognate, and it is not material how the proof in support of the one cause may have affected the finding in regard to the other one. The contention of the appellee in asking that the order of the lower court awarding permanent alimony be sustained, being, the authority conferred by the Act of May 8, 1854, P. L. 644, as amended by the Act of June 25, 1895, P. L. 308, as follows: “Where a wife shall have, by cruel and barbarous treatment, rendered the condition *343 of her husband intolerable, or life burdensome; provided, that in case of divorce under this act, if the application shall be made on the part of the husband, the court granting such divorce may allow such support or alimony to the wife as her husband’s circumstances will admit of, and as said court may deem proper.” It is conceded that had the issue been confined solely to the question of willful and malicious desertion of the wife, that she would not be entitled to any relief in this regard: Reel v. Elder, 62 Pa. 308, and that her only right to demand alimony is based on the act above quoted. The two charges being separate and independent of each other by the statute, the question of which one is the greater or lesser is not material. The prohibition of the law is against granting alimony to a wife who is found guilty of deserting her husband. The instances, as provided by the statute above quoted, in which the husband is required to maintain his wife after having secured a divorce from her are such as the courts may deem just and proper on review of the facts of the particular case. The testimony upon which the court founded its decree is not before us on this appeal, and the fact that the verdict of the jury establishes the question of desertion by the wife, it must stand as a bar to her claim for alimony, and is an answer to her claim for such allowance, under the section above quoted. The reason for this enactment is not apparent in its terms, but to hold otherwise would nullify the exemption given to the husband under the law, from liability to support the wife who deserts his home.
The decree is reversed.