JOHN M. PROSSER *vs.* MARY E. PROSSER.

JUNE 17, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

BARROWS, J. This case is here on respondent's appeal from a decree of the Superior Court modifying a final decree awarding to petitioner an absolute divorce for willful desertion and decreeing to respondent "alimony" of $13 per week. Award of alimony to the party at fault is the peculiar feature of the decree. The payment ordered was the same as that in an interlocutory decree entered by consent at the time the court gave decision for petitioner.

We have considered, but deemed it unnecessary to discuss, a certain motion filed but not followed up or acted upon, in which the appointment of a guardian *ad litem* for the respondent was suggested by counsel employed by her adult sons. The suggestion therein of mental incapacity evidently was abandoned by counsel for respondent who participated on her behalf in the trial on the merits, and who appears for her in this court as appellant.

Petitioner paid said sum of $13 per week for more than a year, and on December 16, 1929, after hearing on his petition to modify the final decree, the Superior Court reduced the amount of future payments to $5 per week. Petitioner was then earning the same salary as at the time of the decision and entry of the decree. A change of circumstances had arisen from remarriage and upkeep of a new home. Respondent, at the time of the requested modification, was keeping house for her two adult sons with whom she lived. She testified she was using the $13 received from her husband for "necessaries," evidently meaning partial upkeep of the home.

The right, for cause, to modify the operation of the executory portion of a consent final decree in which alimony is fixed has been established in *Ward* v. *Ward*, 48 R. I. 60; *Brown* v. *Brown*, 48 R. I. 420.

It is conceded by petitioner that remarriage of a guilty husband is not alone sufficient cause to justify a modification. When the remarriage is of an innocent husband the question of modification commonly does not arise, because alimony under such circumstances may not be awarded. In this

case the impropriety of any award evidently escaped the attention of the court when it determined that petitioner was entitled to modification.

The original decree was in no proper sense one for "alimony." It was merely an agreement of the parties which the court ordered to be entered as a decree. A claimant to alimony, as said in *Brown* v. *Brown, supra*, is entitled only to "that which is equitable." There was no equity in respondent's claim. A right to alimony does not exist apart from a right to be supported. A husband's obligation to support ceases when a wife has wrongfully left him. *Burns* v. *Burns*, 145 A. 445 at 447.

This divorce was granted solely for respondent's fault. She had wrongfully left petitioner. Jurisdiction to award permanent alimony is purely statutory in Rhode Island. General Laws, 1923, Chap. 291, Sec. 5. *Fuller* v. *Fuller*, 49 R. I. 45, cf. 1 R. C. L. p. 876, n. 5. It is not incidental, as in some states,—see *Graves* v. *Graves*, 108 Mass. 314—to the court's power to grant divorce. Our statutes contain no provision whereby alimony may be awarded to a wife who has failed to fulfill her obligations. Where she has so conducted herself, award of alimony is improper. 19 C. J. 245, § 568; 1 R. C. L. 936, § 83; *Andrews* v. *Whitney*, 21 Hawaii 264; *Everett* v. *Everett*, 52 Cal. 383; *Allen* v. *Allen*, 43 Conn. 419; *Parker* v. *Parker*, 35 Pa. Super. Ct. 341. Nor can consent of the parties warrant it. *Andrews* v. *Whitney, supra.*

Consent of the parties, therefore, to entry of the interlocutory decree, the terms of which were followed in the final decree, did not establish a power in the court to award alimony to respondent who was guilty of willful desertion.

The decree, as originally entered, however, stood without appeal and was complied with by petitioner. So far as executed petitioner did not seek modification of that decree. He sought in the petition presented to the Superior Court a modification of its future operation. Remarriage was the cause of the application for modification but a legal reason

for modification was the erroneous authority originally assumed by the court, to award alimony to the guilty party in divorce proceedings.

From the decree as modified petitioner filed no appeal. That decree awarded respondent $5 per week. As above indicated she is not entitled to alimony.

Under the statute, Chapter 291, Section 5, the power of the court is to alter, amend or annul the decree after notice to the parties. Although petitioner has not appealed, respondent's appeal calls in question the amount of the allowance and it is plain that such portion of the decree as awards any alimony is invalid. Petitioner's failure to appeal does not compel this court to allow an erroneous decree to stand when other than the immediate parties are interested. A divorce decree is enforcible by contempt proceedings and is a matter in which the State is interested as well as the parties. It is needless to send back to the Superior Court such a decree when it is within the power of this court to close the matter.

Respondent may appear in this court on the 24th day of June, 1930, at 9 a. m., Standard time, and show cause, if any she has, why that portion of the decree relating to alimony should not be annulled.

*Howard K. Simmons*, for petitioner.
*Frank F. Pinkos*, for respondent.