227 A.2d 191.

RICHARD CHARLES GOWER *vs.* JACQUELINE ANN GOWER.

MARCH 6, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin, Kelleher, JJ.

PAOLINO, J. The question raised by this appeal relates to the nature of certain payments provided for in an agreement executed by the parties prior to the filing of a divorce petition by the petitioner and incorporated by reference in the final decree of divorce. The precise issue is whether such payments are alimony, additional support for the minor children of the parties, or payments in the nature of a property settlement.

The case was heard by a justice of the family court on petitioner's petition to amend the final decree and on respondent's petition to adjudge petitioner in contempt and to modify the decree. After hearing argument of counsel, no testimony having been presented, the trial justice entered a decree granting petitioner's prayers and denying respondent's petition. The cause is before us on respondent's appeal from such decree.

The pertinent facts are as follows. On September 4, 1963, petitioner filed a petition for divorce against respondent and on June 8, 1964 a final decree was entered granting him a divorce on the ground of extreme cruelty. The decree provided that "all property rights of the parties are hereby settled and determined as provided in a certain written Agreement entered into by and between the parties on September 3, 1963, which Agreement is hereby referred to and incorporated herein as fully and completely as if herein set forth in full." The decree awarded the custody of the two minor children of the parties to respondent, subject to visitation rights of petitioner, and ordered him to pay to respondent $20 weekly for the support of each of the minor children, subject to the provisions of the September

3 agreement. Additionally the decree states that respondent waived her right to alimony.

The pertinent provisions of the agreement are as follows. Paragraph "Second" provides that the husband agrees to pay to the wife $20 per week for the support of each of the two minor sons of the parties. This paragraph also states that "No amount shall be paid to the Wife as alimony, and the Wife hereby agrees to waive any present or future alimony."

Paragraph "Third" provides that the wife shall be awarded use of the residence presently occupied by the parties, until such time as she remarries; that she be given permanent use of all items of household furniture and effects; and that the husband pay heat, electricity and water charges for such premises.

Paragraph "Fourth" provides that the husband shall pay Blue Cross for the wife and children; that he pay medical, dental and reasonable educational expenses for the children; and that the wife shall retain permanent use of an automobile owned by the husband.

Paragraph "Fifth" provides that

"* * * in settlement of any property rights of the parties, and in exchange for any dower or other rights of the Wife, the Husband shall pay to the Wife, on or before the date of the hearing of said Divorce the sum of One Thousand ($1,000.00) Dollars."

Paragraph "Sixth" provides that subject to the approval of the family court and to visitation rights of the husband, the wife shall have custody of the children.

In May 1965 the husband filed the instant petition. He alleges therein that he has complied with all the provisions of the agreement, but requests that he be relieved of the obligation of furnishing respondent a residence and paying the bills for heat, electricity, water charges and Blue Cross on the ground that such items are payments of alimony, and not payments in the nature of a property settlement, and that since he obtained the divorce because of fault on

her part, she is not, as a matter of law, entitled to receive any alimony.

In her petition respondent alleges that she was not represented by counsel during the divorce proceedings; that she accepted certain provisions contained in the September 3, 1963 agreement; and that she accepted the sum of $1,000 for all her property rights and in exchange for her dower and other interests. She charges that petitioner has failed to pay the bills for heat, water, electricity and Blue Cross and prays that he be cited to show cause why he should not be adjudged in contempt and that the decree be modified so that adequate financial provision be made for the support of the minor children. She also asked that she be awarded counsel fees.

After the hearing the trial justice entered a decree finding: (1) that payments by petitioner to respondent for the use of her residence, heat, electricity, and water charges, and furnishing her with Blue Cross coverage, were support payments in the nature of alimony; (2) that such payments were not payments of support for the children, since the final decree provides that petitioner pay $20 weekly support for each child, in addition to providing Blue Cross coverage, medical, dental and reasonable educational expenses for the children; and (3) that petitioner was not legally obligated to make such payments because respondent was the guilty party in the divorce action and was therefore not entitled to any support from petitioner. The trial justice also found that even if the agreement to provide alimony were enforceable, respondent would not prevail since she expressly waived alimony.

The decree contains an order denying respondent's petition and granting petitioner's petition to modify the final decree by relieving him from furnishing use of the residence to respondent, from paying charges for heat, electricity, and water, and from providing Blue Cross coverage for her.

The respondent contends that the questioned payments

are not alimony or payments in the nature of alimony. She argues that they are either periodic payments in fulfillment of a property settlement or additional payments for the support of the children and that therefore the decree appealed from is erroneous.

In our opinion none of the questioned payments are related to any property settlement and consequently are not periodic payments in fulfillment of a property settlement. The agreement expressly provides for a property settlement in paragraph "Fifth," which provides that "in settlement of any property rights of the parties, and in exchange for any dower or other rights of the Wife," the husband agrees to pay her the sum of $1,000. Since he has made such payment to her, this portion of the agreement has been fully executed.

We consider next the question whether such payments are in the nature of alimony or additional payments for support of the children. We believe that the determination of this problem depends upon the intention of the parties and also on whether the payments are for the benefit of the wife or the children.

The intention of the parties, as expressed in both the agreement and the decree, is clear; they did not intend any of the payments to be alimony. The next question is whether they succeeded in carrying out their intent. This depends on whether the payments are for the benefit of the wife or the children.

The payments for Blue Cross coverage for the wife are for her benefit, and, therefore, are payments in the nature of alimony since they are future provisions for her. *Brown* v. *Brown,* 48 R. I. 420, 422. Since respondent was the guilty party in the divorce proceeding, an award of alimony was improper. *Prosser* v. *Prosser,* 51 R. I. 58, 60. With respect to this provision, we find no error.

The nature of the payments for the residence, heat, electricity and water presents a more troublesome question.

However, it seems to us that they are primarily for the benefit of the minor children. The final decree provides that "the husband shall pay to the wife the sum of $20.00 per week for the support of each of the two minor children of the parties, subject to the provisions of the aforesaid Agreement." One of the provisions of the agreement requires the husband to pay the charges for the use of a residence, heat, electricity and water; in fact, this provision appears in the paragraph immediately following the paragraph providing for the weekly support payments for the children. In the circumstances, we believe that these payments were intended as additional payments for the benefit of the children. Any benefit which accrued to the respondent was purely incidental.

The petitioner relies on *Bean* v. *Bean*, 86 R. I. 334, to support his contention that the payments in question were in the nature of alimony. In that case, at page 339, we held that a provision in the final decree ordering the husband to pay all unpaid installments on an automobile which was awarded to the wife by the final decree was "an additional allowance for the support and maintenance" of the wife and was, therefore, alimony. The facts in *Bean, supra,* are so materially distinguishable from those in the case at bar as to preclude its applicability to the instant case.

We come finally to respondent's contention that her counsel, in so far as this litigation is to enforce an agreement directly affecting the welfare of the children, should be awarded counsel fees consistent with the time and work involved in this proceeding. The parties have not briefed and argued this point as required by rule 15 of our rules and therefore we do not pass on the question at this time. However, in the interest of justice we believe it our duty to point out that in a proper case the family court has jurisdiction to award counsel fees by virtue of G. L. 1956, §15-5-16, in actions to "provide for the education, mainte-

nance, and support of children of all persons by it divorced * * * ." *Gartner* v. *Gartner,* 79 R. I. 399, 407.

The respondent's appeal is sustained, the decree appealed from is reversed to the extent indicated, and the cause is remanded to the family court for further proceedings in accordance with this opinion.

*Max Levin,* for petitioner.

*William R. Goldberg, Ronald R. Gagnon,* for respondent.