260 A.2d 916.

CARLA S. WARREN *vs.* DAVID U. WARREN.

JANUARY 23, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The petitioner filed this action for support of the two minor children of the parties pursuant to the provisions of G. L. 1956, chapter 11 of title 15, the Reciprocal Enforcement of Support Act.[1] A justice of the Family Court heard the case and rendered a decision, on the basis of which a decree was thereafter entered, denying and dismissing the petition. The case is here on the petitioner's appeal from that decree.

The petitioner and respondent were married on June 5, 1953. Two children were born of the marriage, a son on April 9, 1955, and a daughter on August 20, 1959.

On May 16, 1966, the parties entered into a separation agreement which stated that the parties desired to settle "* * * all questions of allowance for the support of the wife, alimony, property rights and rights of dower and curtesy between the parties, and also to make adequate provisions for the education, maintenance and support of the two above-named minor children of the parties * * *." Under the agreement respondent agreed to convey his interest in the family home in Providence to petitioner, to give her all the furniture and household furnishings, to pay her the sum of $22,000 a year under the conditions set forth in paragraph Fifth of the agreement, to pay directly all hospital and medical expenses for the children, to pay directly all tuition and other charges of school, college and summer camp, and to pay directly the cost of clothing and furnishings for the children. It is undisputed that respondent made these payments regularly.

In July 1966, the parties were divorced by a decree en-

---

[1] Section 15-11-17 sets forth the procedure when the obligor and the obligee are both within the state. The petitioner is living in the city of Providence and the respondent is living in the city of Newport.

tered by a court in the Virgin Islands. The children are living with petitioner in the city of Providence.

On October 18, 1967, petitioner filed the instant petition alleging that the children are in need of and entitled to support from respondent; that since September 1, 1966, he has refused and neglected to provide fair and reasonable support for the children according to his means and earning capacity, and that petitioner prays that an order of support be entered, directed to respondent, to provide fair and reasonable support.

The petitioner testified that she needed $100 a week for the support of the children, in addition to the payments respondent was admittedly making pursuant to his obligations under the separation agreement; that she arrived at this figure by taking all of her expenses each month and allocating two thirds of them to the children and one-third to herself; that in arriving at the $100 figure she included such items as the mortgage and taxes on the family home and the heat, electricity, automobile, school charities, clubs and organizations, drug-store items, electric bills, food, gardening, household expenses, laundry, and telephone bills; that in order to keep up with the monthly expenses she was required to borrow $4,000; that her expenses were more at the time of the hearing than at the time of the divorce; and that she had a deficit of $400 a month, or $100 a week.

The respondent testified that at the time he executed the separation agreement he was receiving a salary at the rate of $15,000 per year and had a trust income of approximately $30,000 a year; that his employment was terminated as of July 31, 1967, and his salary ceased at that time; and that he had not been working since that time. It is undisputed that he continued to make the payments due under the agreement. In 1967, through November 24th, he received $24,962.15 in trust income and $8,750 in salary, plus approximately $6,500 as a gift from his father. During the

same period he paid to petitioner $20,166.66 (11 monthly installments of the $22,000 annual sum) and paid directly over $3,800 for certain expenses of the children.

In his decision the trial justice made an express finding that respondent had the ability to pay for the support of his children. Additionally, he found that respondent had provided support for them since May 1966, by making the payments required in the separation agreement, including payment of $22,000 annually to petitioner, the transfer of his interest in the family home in Providence, which was being occupied by petitioner and the children, and by the payments for the educational, medical and clothing expenses for the children. He concluded that on the date the present petition was filed, October 18, 1967, respondent was providing fair and reasonable support for the children according to his means and earning capacity, and accordingly decided that the petition be denied and dismissed.

The narrow issue presented by this appeal is whether the trial justice erred in finding that petitioner was receiving adequate support for the children.

The petitioner's first contention is that the uncontradicted evidence established that the minor children required $100 a week for support in addition to what respondent was providing for them under the separation agreement. She argues that the trial justice overlooked or misconceived petitioner's uncontradicted testimony that, over and above the obligations assumed by respondent in paragraph Fourth[2] of the separation agreement, he had not otherwise been contributing to the support of the children and that she needed the $100 additional per week in order to support them. She also argues that he overlooked the uncontradicted evidence that petitioner had to borrow $4,000 in order to maintain

---

[2]In this paragraph respondent obligates himself to make specific payments for the schooling, clothing and medical needs of the children.

and support the children. She bases her argument on her claim that the annual amount of the $22,000, which respondent agreed to pay in paragraph Fifth[3] of the agreement, was payable for her own use. Alternatively, she argues, that, even if she were required to use a portion of the $22,000, the record still discloses the uncontradicted evidence that an additional $100 per week was required to support and maintain the children in a manner in which they had been accustomed to live and the manner in which respondent wanted them to live. We do not agree.

No citation of authority is needed to support the familiar and long-established rule that a father has the duty to maintain and support his minor children according to his means. In this proceeding the trial justice found that respondent is able to make such payments, and respondent does not dispute that finding. The only question here is whether the trial justice's ultimate finding that respondent was providing fair and reasonable support for the children according to his means and earnings is supported by the evidence. We believe that it is.

We are satisfied that the trial justice neither overlooked nor misconceived any material evidence, including the petitioner's statement that she needed an additional $100 a week for the children's support. He expressly referred to the fact that respondent had continued to make the specific payments under the separation agreement, including payment of $22,000 annually to petitioner. He found that respondent had provided support for the children by making such payments. With regard to petitioner's claim that the trial justice either overlooked or misconceived petitioner's testimony that she needed an additional $100 a week for the support of the children, it is clear to us that he did neither, but that he was not persuaded by the testimony

---

[3]In this paragraph respondent obligates himself to pay to the petitioner the sum of $22,000 per year in twelve equal monthly installments.

she gave in support of her conclusory statement that an additional $100 a week was required. In our judgment the trial justice's fact-findings are supported by the evidence.

The petitioner clearly based her calculations on her conclusion that the $22,000 annual payment was merely for her own use and did not include support for the children; the trial justice, on the other hand, interpreted the $22,000 payment provided for in paragraph Fifth of the agreement to include support for the children. This brings us to petitioner's contention that the trial justice misconceived the nature of the separation agreement. As we have previously stated, the trial justice found that respondent's contributions to the support of the minor children included the $22,000 annual payment to petitioner, the transfer of his interest in the marital domicile to her, and the payments for the educational, medical and clothing expenses of the children. The petitioner argues that, in finding that support of the children was included in the $22,000 payment and in the transfer of respondent's interest in the real estate, the trial justice misconceived the nature and meaning of the agreement. The petitioner argues that paragraph Fourth sets forth the only obligations of respondent with respect to the children's support.

We cannot agree with petitioner's interpretation of the meaning of the separation agreement. After reading the entire separation agreement we believe, as the trial justice did, that support for the children is included in the $22,000 payment and in the transfer of his interest in the property. See *Gower* v. *Gower*, 101 R. I. 719, 227 A.2d 191. The petitioner's strenuous argument to the contrary has not persuaded us to accept her interpretation. The fact that, as petitioner states, the agreement makes no provision for the children's support in the event that respondent's obligation to make the $22,000 payment ceases is of no consequence. His obligation to support them during their minority con-

tinues according to law. Nor does it matter that there is no provision to terminate the $22,000 payments to petitioner after his obligation to support the children ends. Furthermore, we do not see how petitioner is helped by her claim that no finding was made by the trial justice as to what portions of the items in question were attributable to the children's support and what portions were attributable to payments due solely to the petitioner. It is fair to assume he concluded that a reasonable portion, that is, an amount reasonably necessary for their support, was intended, and that the agreement contemplated the marital domicile be used for the benefit of the children during their minority. Compare *Gower* v. *Gower, supra.*

In our judgment the evidence supports all the findings made by the trial justice. Since petitioner has failed to persuade us that those findings are clearly wrong, we will not disturb them. *Petition of Smith,* 100 R. I. 663, 219 A.2d 126. For the reasons stated, we hold that the trial justice did not err in deciding that the respondent was providing fair and reasonable support for the children according to his means and earnings.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Family Court for further proceedings.

*Milton Stanzler, Howard I. Lipsey,* for petitioner.

*Higgins, Cavanagh & Cooney, John P. Cooney, Jr.,* for respondent.