321 A.2d 425.

CHARLOTTE B. WEINER *vs.* HOWARD A. WEINER.

JULY 2, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is a civil action to enforce a separation agreement. The case was heard before a justice of the Superior Court on the plaintiff's motion for summary

judgment and also on the defendant's motions for summary judgment and for leave to file an amended answer. After argument of counsel the trial justice granted the plaintiff's motion and denied the two motions filed by the defendant. The cause is before this court on the defendant's appeal from the judgment entered pursuant to the decision of the trial justice.

The pleadings and affidavits filed by the parties disclose the following pertinent facts. In July 1970, the parties entered into a separation agreement. At the time of the agreement no divorce action was pending. The agreement stated that it was to settle all matters relating to property, support and custody rights between the parties. The defendant agreed to pay plaintiff $100 per week for her support, to give her an automobile, and to pay her medical expenses. The plaintiff relinquished all custody rights to her children and all property rights in defendant's estate. She also agreed to move out of the family residence. Prior to the execution of the agreement, in response to defendant's demands, plaintiff conveyed to him her interest in the family residence and in certain shares of stock in a company owned by defendant. Paragraph 9 of the separation agreement provides:

> "If at any time the parties hereto shall become divorced, it is agreed that the property rights and support and custody rights of each shall be as outlined in this agreement, and the same may be incorporated in any final divorce decree, and the parties agree that whether or not a divorce shall be obtained, their rights insofar as property, support, and custody of their children are as set forth herein and no other rights exist in either of them."

The agreement further provides that defendant's obligation to make payments for plaintiff shall terminate upon her remarriage. In addition, it contains the following two provisions:

"11. In the event that there should be a substantial adverse economic change in Howard's income or his business, payments made hereunder may be revised in accordance therewith.

"12. If there should be a substantial increase in the cost of living so that the payments provided herein are no longer adequate, it is contemplated that the same may be increased if Howard's economic situation permits."

Subsequent to the execution of the separation agreement, defendant instituted a petition for absolute divorce in the Family Court. The plaintiff did not contest defendant's petition. It was granted and on May 13, 1971, a final decree was entered. The decree makes no reference to the separation agreement, but it expressly awards the custody of the minor children to defendant, with rights of visitation in plaintiff to see the children at all reasonable times.

The defendant made the $100 weekly payments until the week of June 19, 1972, when he unilaterally reduced the payments to $25 per week. He states in his affidavit that in 1971 and 1972 his income was substantially reduced; that he was forced to sell his business at a substantial loss; that during the first half of 1972, he tried to reach an agreement with plaintiff to reduce the amount of the support payments under the separation agreement in accordance with his reduced economic circumstances; that plaintiff insisted, instead, that the payments be increased to $125 per week; and that, being unable to reach any agreement, he reduced his payments to $25 per week commencing with the week of June 19, 1972. He further alleges in his affidavit that he continued to make such payments until the week of August 13, 1973, when he ceased making payments on the ground that plaintiff had breached the separation agreement by refusing to accept a good faith modification in accord with his reduced eco-

nomic circumstances. The plaintiff has received no payment since August 13, 1973.

On July 25, 1972, plaintiff commenced a civil action in the District Court to collect unpaid amounts due under the separation agreement. The defendant filed an answer denying the debt. On September 26, 1973, judgment was entered for plaintiff in the District Court for $5,000, which was the extent of that court's jurisdiction. The defendant thereupon claimed an appeal to the Superior Court.

In the Superior Court plaintiff filed a Super. R. Civ. P. 56 motion for summary judgment for $5,375 on the ground that there was no genuine issue as to any material fact and that plaintiff was entitled to a judgment as a matter of law.

The defendant also filed a motion for summary judgment

> "* * * on the ground that there is no genuine issue as to plaintiff's breach of the agreement upon which plaintiff brought this action and that defendant is entitled to a judgment as a matter of law as a result of said breach and because said agreement, insofar as it calls for defendant to pay plaintiff's support, is unenforceable."

In addition defendant filed a motion for leave to file an amended answer containing a counterclaim. In the amended answer defendant asserted that he had suffered substantial adverse changes in his business and income, that plaintiff refused to agree to a revision in payments in accordance with defendant's reduced economic circumstances, and that thereby plaintiff had breached the agreement which was the subject of the action. The defendant prayed for a judgment against plaintiff decreeing that the separation agreement was unenforceable as a matter of law by reason of plaintiff's breach thereof or otherwise, or in the alternative that the court order plaintiff to accept a revision in payments in accordance with defend-

ant's reduced economic circumstances, commencing on June 1, 1972, or such other date as the court would deem proper, and, if the parties fail to reach an accord, that the court fix such payments at such sum as the court should deem proper.

The plaintiff and defendant each submitted affidavits in support of their respective motions and in opposition to the motions of the adversary party.

As stated above, the case is here on defendant's appeal.

## I

The defendant urges several reasons in support of his argument that the trial justice erred as a matter of law in granting plaintiff's motion for summary judgment. His first contention is that provisions in a separation agreement providing for support payments to the wife become unenforceable after a divorce has been granted to the husband for the wife's misconduct. He relies on the decisions of this court in *Gower* v. *Gower*, 101 R. I. 719, 227 A.2d 191 (1967) and *Prosser* v. *Prosser*, 51 R. I. 58, 150 A. 754 (1930). His reliance on those cases is misplaced. They are clearly distinguishable from the case at bar and are not applicable here.

*Gower, supra,* involved an appeal taken from a decree entered in the Family Court on petitioner's (former husband) petition to amend a final decree of divorce and on respondent's (former wife) petition to adjudge petitioner in contempt and to modify the decree. The question raised in that appeal related to the nature of certain payments provided for in an agreement executed by the parties prior to the filing of a divorce petition by the petitioner and incorporated by reference in the final decree of divorce. One of the provisions in the separation agreement provided for Blue Cross payments by the husband. We held that payments for the wife's Blue Cross coverage, made by the husband pursuant to the separation

agreement previously entered into by the parties, were payments for the former wife's benefit and, therefore, constituted alimony. Then, since the wife was the guilty party in the divorce proceeding, we held that an award of alimony, that is, the payment for the wife's Blue Cross coverage, was improper.

In *Prosser, supra,* the husband filed a petition in the domestic relations division of the Superior Court to modify the divorce decree. The case was before this court on the wife's appeal from a decree of the Superior Court modifying a final decree awarding the husband an absolute divorce and awarding the wife "alimony" of $13 per week. The payment ordered was the same as that in an interlocutory decree entered by consent at the time the court gave decision for the husband. The Superior Court granted the husband's petition for modification of the decree.

This court, however, held that since the wife had been the guilty party in the divorce action, she was not entitled to any alimony at all. The court said:

"Jurisdiction to award permanent alimony is purely statutory in Rhode Island. (cites omitted) It is not incidental, as in some states (cite omitted) to the court's power to grant divorce. Our statutes contain no provision whereby alimony may be awarded to a wife who has failed to fulfill her obligations. Where she has so conducted herself, award of alimony is improper. (cites omitted) Nor can consent of the parties warrant it." *Id.* at 60, 150 A. at 755.

The court emphasized that consent of the parties to entry of the interlocutory decree, the terms of which were followed in the final decree, did not establish power in the court to award alimony to the wife who was guilty of willful desertion.

The differences between *Gower* and *Prosser,* on the one

side, and the instant case, on the other, are clear. The actions in the former were brought in courts having jurisdiction in divorce matters, whereas the action in this case is a civil action brought in the District Court to enforce an agreement freely and voluntarily entered into between the parties. In addition, the separation agreement in *Gower* was incorporated in the final decree, as was the consent interlocutory decree in *Prosser,* whereas the separation agreement in the instant case was never incorporated either specifically or by reference into the final divorce decree. Finally, *Gower* and *Prosser* did not hold that a separation agreement which provides for support payments to a wife at fault in a divorce proceeding is contrary to public policy. Nor did those cases hold that a guilty wife could not enforce her rights in a contract action.

*Gower* and *Prosser* involved the question of the extent of the Family Court's power to grant alimony. Recognizing that the jurisdiction of that court to grant alimony is purely statutory, those cases held that the Family Court did not have the power to award alimony to a woman at fault in a divorce proceeding because the divorce statute did not grant any such power.

Unlike *Gower* and *Prosser,* the case at bar is not a divorce action and was not brought in a court having jurisdiction over matrimonial matters. It is, as we have pointed out above, a civil action based on a contract between two consenting parties, neither one of whom was legally incapacitated from entering into a separation agreement. Absent a claim of fraud or collusion, separation agreements are valid in this state. *Phillips* v. *Phillips,* 39 R. I. 92, 97 A. 593 (1916). The only question here is whether or not this separation agreement became unenforceable by virtue of the subsequent divorce decree. We do not believe it did.

There is no claim of fraud or collusion in this case. The

parties entered into this agreement voluntarily. In these circumstances we see no valid public policy reasons against permitting plaintiff to enforce her rights under the separation agreement in a civil action, notwithstanding the subsequent award of a final decree of divorce to defendant for fault on plaintiff's part. The agreement is an obligation which he freely assumed on his own part; it is not one imposed by statute.[1]

## II

The defendant next argues that if the separation agreement is enforceable, the Superior Court erred in granting summary judgment for plaintiff for past due payments at the rate of $100 per week. He argues that the trial justice erred in treating this case as one in which the wife institutes an action in the Family Court for past due payments under a decree awarding alimony to the wife. See Ciallella v. Ciallella, 81 R. I. 320, 325, 103 A.2d 77, 79 (1954).

The defendant argues that this case involves only a private contract which provides that he is to pay plaintiff $100 per week, subject, however, to the further provision that if defendant suffered a substantial adverse change in his income or business, the payments could be revised in accordance therewith. He further argues that the contract did not require him to bring an action to have the payments

---

[1]For an excellent discussion of this problem, see I Nelson, *Divorce & Annulment,* ch. 13 at 483 (1945), particularly §13.60 at 546 which reads as follows:

"§13.60.—Divorce decree.

The fact that the husband procures a divorce does not of itself preclude enforcement by the wife of a support or property settlement made in contemplation of divorce. A separation agreement is enforceable after a divorce decree unless the agreement is superseded by being presented to the court and incorporated in the decree. A divorce decree making no provision for alimony does not bar liability of husband for payments agreed on in a separation contract, nor does a decree for alimony which is void because of lack of personal service on the husband in the divorce action."

revised; that it did not require him to get plaintiff's approval for a reduction in payments; that plaintiff's failure to agree to a reasonable reduction of the payments in accordance with defendant's reduced economic condition constituted a breach of the agreement by plaintiff and, therefore, she should not be entitled to enforce the agreement; and that irrespective of plaintiff's right to enforce the agreement, defendant's answer to the complaint squarely raised the defense that defendant was not obligated to pay plaintiff $100 per week because the agreement itself provided otherwise in paragraph 11 thereof. Finally, defendant argues that the trial justice's ruling, if allowed to stand, would necessitate a separate equitable action where defendant should have an adequate legal remedy based on his defense against plaintiff's complaint.

The answer to defendant's argument here depends upon the provisions in the separation agreement. We shall assume, for the purpose of this case, that his assertions of fact are correct, namely, that he suffered an adverse economic change in his income and business, that he therefore desired to reduce his payments to plaintiff, and that he attempted to have her agree to such a change but she refused and instead demanded an increased payment.[2] How does the separation agreement say that the payments are to be revised in the event there should be a substantial adverse economic change in defendant's income or his business? The answer is that it does not say anything about this directly or otherwise. Paragraph 11 provides that

> "In the event that there should be a substantial adverse economic change in Howard's income or his business, payments made hereunder may be revised in accordance therewith."

[2]Since this is an appeal from a grant of a motion for summary judgment, the affidavits and pleadings must be considered in the light most favorable to defendant. *Kirby, Inc.* v. *Weiler*, 108 R. I. 423, 276 A.2d 285 (1971); *Marandola* v. *Hillcrest Builders, Inc.*, 102 R. I. 46, 227 A.2d 785 (1967).

The language of paragraph 11 is clear on this point. It does not give defendant the right to unilaterally reduce his payments if he determines that he has suffered a substantial adverse economic change. Nor does it compel plaintiff to agree to any request by defendant for a reduction in payments. The agreement merely states that the payments "may be revised," but it does not say how or by whom. At most it indicates that the payments may be revised by mutual consent. It is clear by a reading of the agreement in its entirety that in reducing the payments unilaterally, defendant exceeded the rights granted to him under the agreement.

The defendant is now asking the Superior Court to redraft the agreement or to modify its terms because of the failure of the parties to mutually agree to such a modification. We believe the Superior Court was correct in refusing to do so. *See Schillander v. Schillander,* 307 Mass. 96, 29 N.E.2d 686 (1940), which involved a somewhat similar problem. In that case the husband and wife entered into a separation agreement and were subsequently divorced. The divorce decree did not incorporate the agreement. After his remarriage, the husband sought to modify the agreement but his petition was denied. The court said in referring to the separation agreement:

> "Its terms show that the parties intended that it should continue in effect after a decree of divorce. (cite omitted) The decree does not mention alimony or incorporate the agreement and so could not have been accepted as a substitute for the husband's contractual obligation. (cite omitted) The agreement remains valid and may still be enforced by action at law after the decree."
> *Id.* at 98, 29 N.E.2d at 687.

The Massachusetts court then said:

> "We are aware of no sound theory upon which it can be held that the court has jurisdiction to modify the terms of a valid existing contract which arose sole-

ly through the voluntary act of the parties." *Id.* at 98, 29 N.E.2d at 687.

If defendant felt (1) that, under the terms of the separation agreement, he was entitled to a reduction in the payments because of a substantial adverse economic change in his income and his business, and (2) that plaintiff was being unreasonable in not agreeing to a reduction in payments, he could have sought declaratory relief and found out what his rights were.

The defendant argues strongly that the trial justice erred in refusing to consider his reduced economic condition as a defense in this case. He cites numerous cases in support of his argument that he was entitled to raise the question of his change of circumstances as a defense to plaintiff's action. We have examined those cases. We do not consider it necessary to discuss them separately because they are clearly distinguishable from the case at bar and do not support defendant's position.

On this record, defendant's changed circumstances were not, as a matter of law, a valid defense to plaintiff's action for past unpaid payments. The plaintiff was entitled, as a matter of contract law, to recover all of the past unpaid payments under the separation agreement. The fact that the trial justice in the course of a colloquy with defendant's counsel said: "* * * having been exposed to the domestic relations calendar at an early stage, every week that payment becomes due that's it * * *" is of no legal significance here. We shall treat this statement as mere surplusage. We hold that the pleadings and affidavits, when construed in the light most favorable to defendant, present no genuine issue of a material fact and therefore the entry of a summary judgment was correct.

### III

The defendant's final contention is that even if the separation agreement is enforceable, the trial justice erred in

denying defendant's motion to file a counterclaim seeking to invoke the equitable jurisdiction of the Superior Court to determine the payments due prospectively under the separation agreement where the parties had failed to reach an accord.

The plaintiff concedes that the Superior Court has the equitable power to determine the amounts which defendant should be required to pay prospectively under the terms of the separation agreement, if defendant can establish that the agreement so provides and that he has in fact suffered changed economic circumstances. However, plaintiff argues that the trial justice was correct here in denying defendant's motion to amend.

Super. R. Civ. P. 13 regulates the filing of counterclaims and cross-claims. Section (a) deals with compulsory counterclaims, sec. (b) with permissive counterclaims, and sec. (d) with counterclaims in actions appealed to the Superior Court from the District Court. The defendant's counterclaim was filed under sec. (d). It is a permissive counterclaim under sec. (b), not a compulsory counterclaim under sec. (a), and is not barred by any resolution of the plaintiff's original complaint. In fact, after taking his appeal to this court, the defendant brought an independent action in the Superior Court seeking the very relief he seeks in his proffered counterclaim. That case is still pending there. In view of this there is no valid reason why the trial justice should have granted the defendant's motions. In any event, it was the defendant's burden, as appellant, to show that the trial justice was wrong. He has failed to sustain that burden.

The defendant's appeal is denied and dismissed, the order and judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Letts, Quinn & Licht, Frank Licht* for Plaintiff-Appellee.

*Levy, Goodman, Semonoff & Gorin, Edward F. Burke,* for Defendant-Appellant.