394 A.2d 1105.

VIOLA IANNACONE *vs.* GUIDO IANNACONE.

DECEMBER 5, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, and Weisberger, JJ.

JOSLIN, J. This case is here on a divorced wife's appeal from a Family Court justice's denial of her motion to award her alimony and to adjudge her former husband in contempt.

The final decree of divorce in this case was entered on December 10, 1971. It incorporates a so-called "Property Settlement" between the parties that directs the husband to convey his interest in the marital domicile to the wife, to pay future installments of interest and principal on an existing first mortgage, and, pending discharge of the mortgage indebtedness, to pay water bills, taxes and insurance premiums on the property. Finally, it stipulates that the wife's "Prayer for alimony is left open, and if the Respondent makes his payments as set forth above promptly as each payment becomes due, and when the mortgage is paid in full, the Petitioner's Prayer for alimony is waived permanently."

The husband conveyed the property to the wife as directed and whatever problems may have existed in securing compliance with the decree did not result in litigation until 1975.

By October of that year, the husband was 6 months in arrears in the payment of his obligations and the wife moved the Family Court to award her alimony, counsel and witness fees, and to adjudge the husband in contempt.

Pending a hearing on the motion, a consent decree was entered providing for certain interim relief and continuing the case to December 12, 1975. On that date, following several short colloquies between counsel and the trial justice and brief testimony by the wife, the trial justice said to counsel, "Gentlemen, the hour is growing late, why don't we have the Respondent pay the $696.00 [representing arrearages in the required payments] today, and continue this case to a date in the future, and you can prepare a memorandum on the alimony aspect, *and we will hear the remainder of the case on the date that I fix."* (Emphasis added.) The wife's counsel replied, "That is acceptable, Your Honor." The trial justice then said to the wife, who was still on the witness stand, "All right, You may step down madam. Bring all your papers with you the next time." Then, following a brief exchange between the trial justice and counsel, the hearing came to an abrupt end with the trial justice saying, "This matter will be continued to January 30, 1976."

The matter was not heard on January 30, 1976, nor on any of the other days to which it was continued, and was resolved, on May 14, 1976, when the trial justice filed a written decision. In that decision, he found that the periodic payments which the wife was receiving pursuant to the final decree, despite their inclusion under the label "Property Settlement," constituted alimony. For that reason and also because, in his judgment, it would "not [be] equitable or in compliance with the law" to permit the wife "to come in after a final decree and a lapse of five years to ask that 'alimony' be awarded as a punitive measure * * * ," he denied the motion for alimony as well as the wife's other prayers for relief. The substance of that decision was

embodied in a decree that was entered on May 24, 1976, the same day that the wife appealed.[1]

The pivotal issue on appeal is whether the trial justice erred when, despite his statement to counsel that a further hearing would take place, ruled on the wife's motion without hearing further testimony. The husband argues, in substance, that the trial justice properly concluded, in reliance on *Gower* v. *Gower*, 101 R.I. 719, 227 A.2d 191 (1967), that the payment provisions in the final decree constituted in law an award of alimony rather than a property settlement, and that consequently, irrespective of how the record might or could have been supplemented at a further hearing, the trial justice would not have been authorized to award *new* alimony to a wife who was already receiving alimony. In short, the husband asserts that the only approach open to the wife, and one she did not elect to pursue, was to seek a modification in the amount of the alimony provided for in the final decree on the basis of a change of circumstances.

The *Gower* analysis, upon which both the trial justice and the husband rely, is not helpful in determining whether the payments in this case are for alimony or in furtherance of a property settlement. True, in both cases the divorce decree is ambiguous in regard to the nature of the husband's payments. In *Gower*, however, the principal controversy was whether the payments were in the nature of alimony or for child support. In resolving that controversy, we emphasized that a significant factor in determining what the parties intended is

---

[1] The wife's appeal dated May 24, 1976 recites that "the Petitioner in the above action hereby appeals to the Supreme Court from the *Decision* of the Family Court entered on the 14th day of May, 1976." (Emphasis added.) The appeal, of course, should have been taken from the decree. *Lamarche* v. *Lamarche*, 108 R.I. 213, 215-16, 273 A.2d 860, 861 (1971). It was, however, timely, no objection was made to the procedural breach, and there has been no showing of prejudice. In the circumstances, no useful purpose would be served for relying on what undoubtedly was an inadvertent mistake as a ground for refusing to hear the appeal. Accordingly, we consider the appeal as if it were taken from the decree. *See Ward* v. *Ward*, 48 R.I. 60, 63, 135 A.241, 242 (1926).

the identity of the person or persons benefited by the payment. If it was paid for the wife's benefit, the indication would be that it was intended to be in the nature of alimony; if for the children, as child support.

In this case, however, unlike *Gower*, the choice is not between alimony and child support, but whether the payments are for alimony or in fulfillment of obligations under a property settlement. In either event, the sole beneficiary is the wife and consequently the benefit test relied upon by the husband as establishing that the payments are for alimony, although not without relevance, does not play as significant a role in ascertaining intent as it did in *Gower*.

Other provisions in the decree in this case that shed light on what the parties intended appear in that portion of the decree denominated "Property Settlement." It is there provided that the wife's "Prayer for alimony is left open" and that once the mortgage on the marital domicile is discharged, her "Prayer for alimony is waived permanently." These provisions lend support to the wife's contention that the required payments were intended to be in furtherance of a property settlement rather than in the nature of alimony.

We have, therefore, a decree containing differing indications of what the parties intended. It thus behooved the trial justice to look beyond the four corners of the decree to other relevant factors to determine the true nature of the payments.

The wife contends that, because the trial justice denied her motion without holding another hearing, she was foreclosed from presenting evidence relevant to intent. She concludes that to deny her that opportunity was error, and we agree. *Cf. Aetna Insurance Co.* v. *Hartshorn*, 477 F.2d 97, 100 (5th Cir. 1973) (denial of due process when party told there would be hearing on motions and instead judge proceeded to merits and disallowed claim).

The considerations germane to a proper consideration of the wife's motion to adjudge the husband in contempt may

differ depending on whether the husband's defaults are of alimony or of the payments required by a property settlement agreement. Accordingly, at the new hearing that must be held to determine the nature of the husband's payments, the trial justice should also reconsider whether to adjudge the husband in contempt.

The petitioner's appeal is sustained, the decree appealed from is vacated, and the case is remanded to the Family Court for further proceedings.

Mr. Justice Doris did not participate.

*Kirshenbaum & Kirshenbaum, Alfred Factor*, for petitioner.

*John V. McCloskey*, for respondent.