Margaret V. SORRENTINO

v.

Joseph S. SORRENTINO, Jr.

No. 95–91–APPEAL.

Supreme Court of Rhode Island.

Jan. 21, 1997.

Raymond Cooney, Providence, for Plaintiff.

Joseph Sorrentino, Jr., pro se.

## OPINION

PER CURIAM.

This matter came before a panel of the Supreme Court for oral argument on December 17, 1996, pursuant to an order directing the defendant, Joseph S. Sorrentino, Jr. (defendant), to show cause why the issues raised in his appeal should not be summarily decided. The defendant has appealed pro se from a Family Court order finding him in contempt for failing to pay $540 in medical expenses and $300 in attorney's fees. The plaintiff, Margaret V. Sorrentino (plaintiff), is defendant's former wife.

After hearing the arguments of the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The parties to this action were divorced by final judgment on June 10, 1994, and plaintiff was awarded sole custody of the couple's two minor children. The defendant was ordered to pay child support, one-half of the cost of the children's health insurance, medical expenses not covered by insurance, and school expenses. A hearing was held on the same day wherein defendant was adjudged in contempt for failure to comply with previous orders to pay the aforementioned support. A sentence to the Adult Correctional Institutions (ACI) was suspended on the condition that defendant pay accrued child support by July 22, 1994, school expenses, and a $300 fee to plaintiff's counsel. On September 7, 1994, plaintiff sought imposition of the original sentence, alleging that defendant had failed to pay the counsel fee and school expenses and requested that defendant's visitation status be modified from unsupervised to supervised. The defendant filed a motion seeking to hold plaintiff in contempt for failure to comply with the existing visitation arrangement.

At a subsequent hearing, during which defendant was permitted to cross-examine plaintiff and her witnesses, the trial justice adjudged defendant in contempt for failing to pay $540 in medical expenses and $300 in attorney's fees. The defendant was also required to pay an additional $400 in attorney's fees, and his visitation privileges were suspended pending a psychiatric examination. The trial justice then sentenced defendant to the ACI until he made the above payments.

The defendant appealed to this Court and has advanced three arguments. First, defendant contended that his incarceration deprived him of the opportunity to present an adequate defense at the hearing. At oral argument defendant stated that he had at least three witnesses who would have testified on his behalf at the hearing. Second, he argued that his incarceration deprived him of the right to make a closing argument in which he would have attempted (1) to discredit plaintiff's witnesses who had been called to testify concerning the children's fear of defendant and (2) to object to portions of that testimony as inadmissible hearsay.[1] Finally, defendant asserted that the trial justice displayed "extreme prejudice" by incarcerating defendant without a fair and impartial hearing or completed testimony from each side.

A review of the transcript of the October 25, 1994 hearing indicates that upon the ter-

---

1. The plaintiff argued that this point has since become moot because defendant, after the hearing, signed a stipulation agreeing to a restraining order that would keep him from seeing the children until the conditions outlined in the order appealed from are met.

mination of plaintiff's case, the trial justice did not ask defendant whether he had any witnesses or any other evidence for presentation. The trial justice simply rendered his decision. At one point during the rendering of his decision, the trial justice directed defendant to present any records in his possession regarding payment of any sums owed. The defendant was permitted to contend that the final judgment entered by the Family Court ordering him to pay the above support was incorrect. The defendant alleged to the trial justice that he had paid the $300 attorney's fee to plaintiff's counsel. These few instances of dialogue between defendant and the trial justice were defendant's only opportunity to present evidence. Moreover, at oral argument, plaintiff's counsel did not dispute that defendant was not afforded the opportunity to testify or to present his witnesses.

We are of the opinion that the defendant was deprived of an opportunity to be heard, in violation of his right to procedural due process. *See Iannacone v. Iannacone,* 121 R.I. 46, 50, 394 A.2d 1105, 1107 (1978) (trial justice erred in denying the plaintiff's motion without providing an opportunity for that plaintiff to present evidence relevant to that motion at a hearing). Therefore, we remand this case to the Family Court with directions that the defendant be permitted the opportunity to call witnesses and present evidence on his behalf.

Consequently, we sustain the appeal and vacate the order of the Family Court, to which the papers of the case may be remanded for further proceedings in accordance with this opinion.

FLANDERS, J., did not participate.