No. 14910

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

LINDA SUTHERLAND AND BRIAN
ANDREW SUTHERLAND,

                    Plaintiffs and Appellants,

        vs.

CHARLES HURIN, Jr.,

                    Defendant and Respondent.

---

Appeal from:  District Court of the Eighth Judicial District,
              Honorable H. William Coder, Judge presiding.

Counsel of Record:

    For Appellants:

        Dzivi, Conklin & Nybo, Great Falls, Montana
        Richard Dzivi argued and Suzie Rebeck argued, Great
        Falls, Montana

    For Respondent:

        Smith, Baillie and Walsh, Great Falls, Montana
        Dennis Clark argued, Great Falls, Montana

---

                            Submitted: January 15, 1980

                            Decided: FEB 6 - 1980

Filed:  FEB 6 - 1980

Thomas J. Kearney
————————————————————————————Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Linda and Brian Sutherland appeal from an order of the Cascade County District Court, dismissing with prejudice their paternity suit.

Linda Sutherland (hereafter mother) is the natural mother of Brian Andrew Sutherland (hereafter child) who was born out of wedlock on April 7, 1972. Mother and child brought this action on May 24, 1978 against Charles Hurin, Jr., in order to establish a father-child relationship between Hurin and the child and to also require Hurin to support the child.

As an affirmative defense, Hurin contended the cause was barred by the statute of limitations which he asserted had run prior to July 1, 1975, the effective date of the Uniform Parentage Act. The District Court requested the issue be briefed and argued prior to trial. After briefing and argument, the District Court entered its order dismissing the claim of the mother and child on the basis that section 40-6-108, MCA, the statute of limitations in the Uniform Parentage Act, revived a previously barred claim.

It is from this determination that mother and child appeal, setting forth two issues for review:

(1) Prior to the adoption of the Uniform Parentage Act, did section 27-2-401(1), MCA, apply to toll any statute of limitation barring an illegitimate minor's right to bring a paternity cause of action?

(2) Is it a denial of an illegitimate minor's right to Equal Protection under the Fourteenth Amendment to the United States Constitution to bar him from bringing a paternity action, due to the running of the statute of limitations during his minority?

-2-

We find the first issue dispositive of this case and reverse

the decision of the District Court.

At the time the present action commenced, the subsection

of the statute of limitations in the Uniform Parentage Act

establishing a time limitation on commencement of paternity

actions when the father-child relationship is not presumed by

statute, states:

> ". . . An action to determine the existence or
> nonexistence of the father and child relation-
> ship as to a child who has no presumed father
> under 40-6-105 may not be brought later than 3
> years after the birth of the child or later than
> (3) years after the effective date of this act,
> [July 1, 1978] whichever is later. . . " Section
> 61-308, R.C.M. 1947, now sectio40-6-108(3), MCA.

The District Court determined that this section "revived"

a claim which had previously been barred by the running of

the statute of limitations. We disagree.

Prior to the enactment of the Uniform Parentage Act

on July 1, 1975, there existed no specific statute of limitations

relating to paternity actions. Although the District Court

does not designate which statute of limitations under our

codes had previously foreclosed a paternity action in the

present case, we find that it makes no difference to our

decision in this case.

What does matter in this case is the failure of

Hurin to recognize the statute which tolls the running

of time for limitations. The pertinent statute is section

27-2-401(1), MCA, which provides:

> "When person entitled to bring action is under
> a disability. (1) If a person entitled to
> bring an action mentioned in part 2,. . . is,
> at the time the cause of action accrues,. . .
> a minor, the time of such disability is not a
> part of the time limited for commencing the action.
> However, the time so limited cannot be extended
> more than 5 years by any such disability except
> minority or, in any case, more than 1 year after
> the disability ceases."

-3-

In effect this statute created a 19 year statute of limitations in which a child could have instituted filiation proceedings prior to July 1, 1975, the effective date of section 40-6-108(3), MCA.

As a result, the District Court erred in dismissing appellant's paternity action on the basis that section 40-6-108(3), MCA, improperly "revived" a previously barred claim. The child's action was never barred by the running of a statute of limitations. Therefore, his cause was alive and filed within the permissible time.

Hurin poses a further argument asserting that this first issue was not presented to the District Court and cannot be considered by this Court on appeal. We find that this argument also fails. The record discloses that this issue was raised in appellant's supplemental memorandum which was filed with the District Court and as such is part of the record on this appeal. Rule 9, M.R.App.Civ.P.

As to there being a cause of action on behalf of the mother, this Court recognizes that authority does exist on which a mother may seek recovery in the absence of a specific statute of limitation on paternity actions. See generally, Annot., 59 A.L.R.3d 685 (1974). However, we find it unnecessary to address specifically this question since the child has a viable cause of action.

Appellant points out that the child is not represented by a guardian ad litem in the action. His lack of capacity to sue is a matter of affirmative defense, which must be raised by a responsive pleading. Rule 8, M.R.Civ.P. Once the issue is raised, the court will order the appointment of a guardian ad litem, Rule 17(c), M.R.Civ.P, if he is not otherwise represented. He may also sue by his next friend. Rule 17(c), M.R.Civ.P.

Accordingly, the order of the District Court is reversed and the cause remanded for further proceedings.

_____
                    Justice

We Concur:

_____
         Chief Justice

_____

_____
              Justices