No. 83-60

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

IN THE MATTER OF
W.C.,

        Petitioner and Appellant,

    and

E.L.S.B.C., Natural Mother of
T.M.B., Putative Minor,

    and

R.J.B.,

        Respondent.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Oleson Law Firm; James Oleson argued, Kalispell,
Montana
Baldassin, Connell & Beers, Missoula, Montana

    For Respondent:

        Jonkel & Kemmis; Daniel Kemmis argued, Missoula,
Montana
Thomas Pouliot, Dept. of Revenue, Helena, Montana
Constitutionality-Hon. Mike Greely, Attorney General,
Helena, Montana

_____

        Submitted:    September 16, 1983

        Decided:    November 2, 1983

Filed:    NOV 2 - 1983

_Ethel M. Harrison_
_____
Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

Petitioner appeals from a dismissal of his action by the District Court of the Fourth Judicial District, Missoula County.

Erna (E.L.S.B.C.), natural mother of Tara (T.M.B), and Rodger (R.J.B), the respondent, were married on January 23, 1976. Tara was born on June 22, 1976, five months following the marriage of respondent and Erna. Respondent was identified as Tara's father on her birth certificate.

On May 24, 1979, a divorce decree was entered dissolving the marriage of Erna and the respondent. The final decree stated that Tara was a child born of the parties' marriage. The decree ordered respondent to provide child support and allowed him visitation rights.

In June, 1982, the petitioner-appellant, Wallace (W.C.), married Erna. On July 21, 1982, petitioner-appellant filed an action in Lake County to determine the parentage of Tara. The petition contained the results of an HLA blood test stating that the probability of parentage of appellant to Tara was 99.77 percent. On September 15, 1982, the case was transferred to Missoula County. The District Court dismissed the petition on December 15, 1982, on the basis that the petitioner-appellant was barred by the five-year statute of limitations, Section 40-6-108(1)(b), MCA, from challenging the presumed father and child relationship between respondent and Tara. Appellant now argues that the District Court erred in dismissing his petition.

Initially, appellant asserts that the five-year statute of limitations contained in Section 40-6-108(1)(b), MCA, has been rendered unconstitutional by the United States Supreme Court's decisions in Mills v. Habluetzel (1982), 456 U.S. 91, 71 L.Ed.2d 770, and Pickett v. Brown (1983), ____U.S.____, 76 L.Ed.2d 372.

In Mills, the Court struck down Texas' one-year statute of limitations in an action for child support on behalf of an illegitimate child. The decision was based upon equal protection considerations. The Court held that the one-year statute of limitations was unconstitutional because it made it more difficult for illegitimates to obtain child support than for legitimates to obtain support. In Pickett, the Court struck down a Tennessee statute that required paternity and support actions to be filed within two years unless the child was a public charge.

The deprivation of equality by governmental classification that was present in Mills and Pickett is absent in the case at bar. In Mills, the Court held that illegitimate children were denied equality because their right to bring an action for support was more restricted than for legitimate children. Thus, the Court determined the extent to which the right of illegitimate children to support recognized in Gomez v. Perez (1973), 409 U.S. 535, 35 L.Ed.2d 56, may be circumscribed by a state's interest in avoiding prosecution of stale or fraudulent claims. Similarily, in Pickett, the Court relied heavily on its decision in Mills. The Pickett Court stated:

> "Much of what was said in the opinion in Mills is relevant here, and the principles discussed in Mills require us to invalidate this limitations period on

equal protection grounds.

> "Although Tennessee grants illegitimate children a right to paternal support . . . and provides a mechanism for enforcing that right . . . the imposition of a two-year period within which a paternity suit must be brought . . . restricts the right of certain illegitimate children to paternal support in a way that the identical right of legitimate children is not restricted. In this respect, some illegitimate children in Tennessee are treated differently from, and less favorably than, legitimate children."

In the present case we are not considering the constitutionality of a statute of limitations that would bar an illegitimate child's right to support. The child herein involved is not illegitimate because respondent has been presumed to be the father in accordance with Section 40-6-105(1)(a), MCA. In addition, the action is not being brought on behalf of the minor child and there is no allegation the child is being denied support. The Montana statutes at issue in this case are not unconstitutional under Mills or Pickett because they do not differentiate between legitimate and illegitimate children. Section 40-6-107(1), MCA. The invidious discrimination discussed in Mills and Pickett is not present here. Indeed, the Montana statute does not discriminate in any way against the appellant. Section 40-6-108 states:

> "(1) An action may be commenced: . . . (b) for the purpose of declaring the nonexistence of the father and child relationship presumed under subsection (a), (b), or (c) of 40-6-105(1), only if the action is brought within a reasonable time after obtaining knowledge of relevant facts, but not later than 5 years after the child's birth."

In short, Mills and Pickett are not controlling and do not render Section 40-6-108(1)(b), MCA, unconstitutional.

-4-

Likewise, the District Court did not err in relying on our decision in Borchers v. McCarter (1979), 181 Mont. 169, 592 P.2d 941, when it dismissed the appellant's petition. The appellant argues that Mills and Pickett, along with our decision in State Dept. of Revenue v. Wilson (Mont. 1981), 634 P.2d 172, 38 St.Rep. 1299, overruled our decision in Borchers.

In Borchers, a petition was filed more than five years after a child's birth to have someone other than the presumed father declared the father. The District Court granted the petition and we reversed on appeal holding that a person wishing to establish a parent-child relationship between a child and a nonpresumed person must first rebutt the presumption of another's paternity and Section 40-6-108(1)(b), MCA, was a bar to an action to rebutt the presumption. Similarily, in the present case, the District Court held that Section 40-6-108(1)(b), MCA, barred appellant's petition challenging the presumed father-child relationship.

In Wilson, the issue before us was whether the three-year statute of limitations on the determination of paternity in Section 40-6-108(3), MCA, violated the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article II, Section 4, of the Montana Constitution. Section 40-6-108(3), MCA, provides, "An action to determine the existence or nonexistence of the father and child relationship as to a child who has no presumed father under 40-6-105 may not be brought later than three years after the birth of the child." In affirming the District Court's decision, we held that the statute was

-5-

valid as against the state but unconstitutional as to an action brought for support on behalf of an illegitimate child. Specifically, the statute was held unconstitutional because illegitimate children would be discriminated against in the bringing of actions for support. Since Borchers did not concern an action brought by an illegitimate child for support or the statute of limitations provided in Section 40-6-108(3), MCA, Wilson does not overrule Borchers. Thus, the District Court properly relied upon our decision in Borchers to dismiss appellant's action.

The appellant also argues that his cause of action is actually subject to a nineteen-year statute of limitations pursuant to our decision in Sutherland v. Hurin (Mont. 1980), 605 P.2d 1133, 37 St.Rep. 183. However, the Sutherland decision is inapplicable to this case. In Sutherland we held that children born before the July 1, 1975 effective date of the Montana Uniform Parentage Act have a nineteen-year statute of limitations for paternity actions. The child involved in this action is presumed legitimate so the case does not apply.

Appellant further contends that the five-year statute of limitations provided in Section 40-6-108(1)(b), MCA, is inapplicable to appellant because he is actually subject to the provisions of Section 40-6-105(1)(e), MCA. Appellant asserts that Section 40-6-105(1)(e), MCA, is not controlled by a statute of limitations and he is subject to the provisions of that section because he acknowledged his alleged paternity of Tara to the District Court. Section 40-6-105 provides:

> "(1) A man is presumed to be the natural father of a child if:

-6-

> "(a) he and the child's natural mother are or have been married to each other and the child is born during the marriage. . .
>
> ". . .
>
> "(e) he acknowledges his paternity of the child in a writing filed . . . with the district court of the county where he resides, which court or department shall promptly inform the mother of the filing of the acknowledgment, and she does not dispute the acknowledgment within a reasonable time after being informed thereof, in a writing filed . . . with the district court of the county were the acknowledgment was filed. <u>If another man is presumed under this section to be the child's father, acknowledgment may be effected only with the written consent of the presumed father or after the presumption has been rebutted.</u> (emphasis added)

A careful reading of this section indicates that appellant's assertion is incorrect. Since respondent is the presumed father and has not given his written consent to appellant's assertions, appellant must first rebutt the presumption that respondent is the presumed father before any written acknowledgment of paternity would be effective. Thus, appellant is again barred by the five-year statute of limitation on actions challenging the presumption of paternity. Section 40-6-108(1)(b), MCA.

Finally, appellant asserts that the State of Montana has "confessed error" in the ruling of the District Court that Section 40-6-108(1)(b), MCA, is constitutional. Specifically, appellant argues that because the Attorney General of Montana failed to appear and argue against appellant's constitutional challenge, the State of Montana has admitted the District Court erred in relying upon the statute.

In all the cases appellant cites as authority for this

-7-

argument the confession of error rule was applied to an opposing party who did not respond to a particular issue on appeal. Respondent's brief in the present action has clearly addressed the consitutional challenge to Section 40-6-108(1)(b), MCA.

The Attorney General does not have a duty to appear in every action concerning the constitutionality of a statute. Rule 38, M.R.App.Civ.P. requires a party challenging the constitutionality of a statute to give the Attorney General notice of the challenge but Rule 38 has never been interpreted as meaning the State of Montana has an absolute duty to appear whenever a challenge arises. Rather, the purpose of Rule 38 is to give the Attorney General the opportunity to defend the acts of the Montana legislature. Gilbert v. Gilbert (1975), 166 Mont. 312, 533 P.2d 1079; Clontz v. Clontz (1975), 166 Mont. 206, 531 P.2d 1003; Grant v. Grant (1975), 166 Mont. 229, 531 P.2d 1007.

We find no reversible error and, therefore, affirm the decision of the District Court.

Justice

We concur:

Chief Justice

-8-

_Daniel J. Shea_

_John C. Sheehy_

_____

Justices

_Diane G. Barz_

Hon. Diane G. Barz, District Judge,
sitting in place of Mr. Justice
Frank B. Morrison Jr.