JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
I concur with that part of the majority’s opinion which affirms the District Court’s finding and conclusion that the doctrine of equitable estoppel precludes M.L.V. from contesting the presumed father-child relationship between K.E.V. and K.R.V.
I dissent from that part of the majority’s opinion which concludes that M.L.V.’s challenge to K.E.V.’s paternity is not barred by the statute of limitations found at § 40-6-108(l)(b), MCA (1983).
The majority’s conclusion that M.L.V.’s challenge to K.E.V.’s paternity was not barred by the statute of limitations is based on its conclusion that, in State of Arizona v. Sasse (1990), 245 Mont. 340, 346, 801 P.2d 598, 602, § 40-6-108(1)(b), MCA (1983), was found facially invalid, rather than invalid as applied to the facts in that case. Since there was absolutely no analysis of facial invalidity versus applied invalidity in the Sasse case, the majority’s conclusion is unfounded.
Conventional wisdom holds that a court may declare a statute unconstitutional in one of two manners: (1) the court may declare it invalid on its face, or (2) the; court may find the statute unconstitutional as applied to a particular set of circumstances. The difference is important. If a court holds a statute unconstitutional on its face, the state may not enforce it under any circumstances, unless an appropriate court narrows its application; in contrast, when a court holds a statute unconstitutional as applied to particular facts, the state may enforce the statute in different circumstances.
In recent years, the Supreme Court has purported to disfavor facial challenges. As the Court stated in United States v. Salerno, [481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987)], “[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.”
Michael C. Dorf, Facial Challenges to State and Federal Statutes, 46 Stan. L. Rev. 236 (January 1994) (footnotes omitted) (emphasis added). In Sasse, there was no analysis of whether § 40-6-108(1)(b), MCA (1983), could withstand a facial challenge to its constitutionality. In fact, our prior decision in Matter of W.C. (1983), *337 206 Mont. 432, 671 P.2d 621, indicates that it could. Under the circumstances presented in Matter of W.C., at least, we held that there were circumstances under which the statute of limitations would be valid. Although Matter of W.C. was discussed and distinguished in Sasse, it was not reversed or otherwise modified.
Furthermore, our decision in Sasse analyzed statutory classifications based on illegitimacy in the context of the equal protection clause found at Article II, Section 4, of the Montana Constitution, and the Fourteenth Amendment to the United States Constitution. There are no similar classifications affected by the statute’s application to the facts in this case. Therefore, there is not even a basis for an equal protection challenge in this case.
In Sasse, an action was commenced in Montana by a child’s mother and the State of Arizona under the Uniform Reciprocal Enforcement of Support Act to establish Alan Sasse’s paternity of that child and to recover child support from him. However, the child was bom during the mother’s marriage to another person, and more than five years had passed since the child’s birth. Since there was a statutory presumption pursuant to § 40-6-105(1)(a), MCA, that someone other than Sasse was the child’s natural father, that presumption had to be overcome before child support could be recovered from Sasse. The issue was whether the child in that case could be barred from pursuing a claim for child support based on the five-year limitation found at § 40-6-108(l)(b), MCA (1983), when a child to whom no similar presumption applied could bring a cause of action for support until two years after he or she reached the age of majority. In Sasse, there was clearly disparate treatment of child support actions based on a child’s status as legitimate or illegitimate. Because of that disparate treatment, and because of prior decisions by the United States Supreme Court in Mills v. Habluetzel (1982), 456 U.S. 91, 102 S. Ct. 1549, 71 L. Ed. 2d 770, and Pickett v. Brown (1983), 462 U.S. 1, 103 S. Ct. 2199, 76 L. Ed. 2d 372, which prohibited discrimination based on illegitimacy pursuant to the Equal Protection Clause, we concluded that an equal protection analysis was necessary. We held that:
Since the case at bar involves a discriminatory classification based on illegitimacy, it is appropriate for us under Clark to examine the equal protection issues here on the level of intermediate scrutiny.
Sasse, 801 P.2d at 601.
After balancing the State’s interest in the statutory classification against the countervailing interest in requiring proper support for all *338 children, we concluded that disparate treatment of legitimate and illegitimate children did not survive middle-tier scrutiny, and therefore, held that § 40-6-108(l)(b), MCA, was unconstitutional. We did not specify that it was unconstitutional as applied to the facts in that case. However, no other conclusion can be drawn from that opinion. The entire equal protection analysis in that case was based upon the classifications presented by the facts in that case. Furthermore, there was no discussion of facial invalidity, nor any analysis that would be prerequisite to a conclusion of facial invalidity.
This case, on the other hand, presents no disparate treatment of actions to recover child support based on the status of illegitimacy. The issue in this case is simply whether a person who is presumed to be a child’s father because the child was bom during his marriage to her mother, may be assured that that presumption cannot be challenged after the child’s fifth birthday. There are no classifications involved. There is no similar class of presumed parent for children bom out of wedlock who could be treated differently than the class to which K.E.V. belongs. This case is controlled by our decision in Matter of W.C.
In Matter of W. C., Roger was presumed to be the natural father of Tara because she was bom during his marriage to her mother. After the dissolution of that marriage, Wallace filed a petition challenging Roger’s parenthood and filed blood test results indicating that he was the child’s natural father. The district court held that the petition was barred by § 40-6-108(1)(b), MCA, because it was not filed within five years from Tara’s birth. This Court affirmed. In the process, this Court rejected Wallace’s assertion that the statute of limitations was rendered unconstitutional by the Supreme Court’s equal protection decisions in Mills and Pickett. We distinguished cases where children’s rights to recover child support was affected by their status as legitimate or illegitimate. We held that:
The deprivation of equality by governmental classification that was present in Mills and Pickett is absent in the case at bar....
In the present case we are not considering the constitutionality of a statute of limitations that would bar an illegitimate child’s right to support. The child herein involved is not illegitimate because respondent has been presumed to be the father in accordance with § 40-6-105(l)(a), MCA. In addition, the action is not being brought on behalf of the minor child and there is no allegation the child is being denied support. The Montana statutes at *339 issue in this case are not unconstitutional under Mills or Pickett because they do not differentiaté between legitimate and illegitimate children. Section 40-6-107(1), MCA. The invidious discrimination discussed in Mills and Pickett is not present here. Indeed, the Montana statute does not discriminate in any way against the appellant.
Matter of W.C., 671 P.2d at 622-23.
Likewise, § 40-6-108, MCA (1983), did not discriminate in anyway against M.L.V. Therefore, she had no standing to challenge the statute on an equal protection basis, and the District Court erred by invalidating the statute on that basis.
For these reasons, I conclude that there has never been a successful facial challenge to the constitutionality of § 40-6-108, MCA (1983); that statute is not unconstitutional as applied to the facts in this case; and M.L.V.’s challenge to KE.V.’s paternity was barred because it was not brought within five years from the date of their child’s birth. I would reverse the District Court’s failure to apply the statute of limitations as a bar to M.L.V.’s claim, and I dissent from that part of the majority opinion which affirms the District Court’s failure to do so.